The STATE of Ohio, Appellant,

v.

MAYS, Appellee.

[Cite as *State v. Mays* (1992), 83 Ohio App.3d 610.]

Court of Appeals of Ohio,
Pike County.

No. 480

Decided Nov. 10, 1992.

*Robert N. Rosenberger,* Pike County Prosecuting Attorney, for appellant.

*Spetnagel & Benson* and *J. Jeffrey Benson,* for appellee.

STEPHENSON, Presiding Judge.

This is an appeal from a judgment of the County Court of Pike County granting the motion filed by William M. Mays, defendant-appellee, to suppress the results of his blood-alcohol test in an R.C. 4511.19(A)(1) prosecution. Appellant assigns the following error:

"The court erred by suppressing the blood test of the appellee's blood at the appellee's motion to suppress the evidence, where the state established sufficient evidence to be in substantial compliance with the Ohio Department of Health regulations set forth in the Ohio Administrative Code Chapter 3701–53, and the blood test was being offered in a OMVI prosecution under Section 4511.19(A)(1)."

A review of the record reveals the following facts pertinent to this appeal. On July 19, 1991, appellee was involved in an automobile accident in Pike County, Ohio. Appellee was transported to the hospital, where he received medical attention for injuries sustained in the accident. Trooper Dean Cheadle of the State Highway Patrol went to the hospital and obtained appellee's consent to draw a blood sample. The sample was then drawn by Carolyn Moon, R.N. Subsequent analysis of the sample revealed a blood-alcohol content of .183. Appellee was issued a uniform traffic citation charging him with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1).

On November 13, 1991, appellee filed a "motion to suppress/motion *in limine*" seeking suppression of the results of the blood test on the grounds that (1) the blood was drawn outside the two-hour time limit set forth in R.C. 4511.19(D); and (2) appellee's blood was not drawn in compliance with Ohio Department of Health regulations. A hearing was held on the motion on November 21, 1991. Thereafter, on December 6, 1991, the court entered judgment suppressing the results of appellee's blood test for the reason that the state failed to present any evidence as to whether alcohol was used as an antiseptic when obtaining the blood sample. While Moon testified she used Betadine as an antiseptic, no evidence was adduced regarding whether Betadine contains alcohol. This appeal follows.

■ On a pretrial motion to suppress the results of a blood-alcohol test, the state has the burden to show that the test was conducted in accordance with established law. *State v. Gasser* (1980), 5 Ohio App.3d 217, 219, 5 OBR 501, 503, 451 N.E.2d 249, 252. R.C. 4511.19 reads as follows:

"(D) In any criminal prosecution for a violation of this section * * *, the court may admit evidence on the concentration of alcohol * * * in the defendant's blood * * * at the time of the alleged violation as shown by chemical analysis of the defendant's blood * * * withdrawn within two hours of the time of the alleged violation.

" * * *

"Such bodily substance shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code."

Ohio Adm.Code 3701-53-05 sets forth the requirements for the collection and handling of blood specimens as follows:

"(B) When collecting a blood sample, an aqueous solution of a non-volatile antiseptic shall be used on the skin. Alcohol shall not be used as a skin antiseptic.

"(C) Blood shall be drawn with a:

"(1) Sterile dry needle into a vacuum container containing a solid anticoagulant; or

"(2) Sterile dry needle and syringe and deposited into a clean container containing a solid anticoagulant and the container shall then be capped or stoppered.

" * * *

"(E) Blood and urine containers shall be sealed with a gummed tape or sticker which contains at least the following information:

"(1) Name of suspect;

"(2) Date and time of collection;

"(3) Name or initials of person collecting and/or sealing sample.

"(F) While not in transit to a laboratory or under examination, all urine and blood specimens shall be refrigerated at a temperature of forty-two degrees Fahrenheit or below."

■ The results of a properly administered blood-alcohol test may be admitted in a R.C. 4511.19(A)(1) prosecution with expert testimony despite the fact that the sample was drawn more than two hours from the time of the alleged violation. *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 532 N.E.2d 130, paragraph two of the syllabus. The tests are admissible as long as the state can show substantial compliance with the Department of Health regulations pertaining to alcohol testing. *State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902.

Essentially, appellant asserts that it proved substantial compliance with the applicable Department of Health regulations. Appellant maintains that Betadine does not contain alcohol and therefore the state has amply demonstrated compliance. Appellee maintains the court properly suppressed the results of the blood test because Moon gave no testimony concerning whether the antiseptic used was an aqueous solution of a nonvolatile antiseptic or whether the antiseptic contained alcohol. Rather, Moon merely testified that she used Betadine as an antiseptic. In addition, Moon gave no testimony concerning whether the sample was drawn with a sterile dry needle or whether the container which held the sample contained an anticoagulant.

■ In support of its assertion that Betadine does not contain alcohol, appellant refers this court to Physician's Desk Reference (1992) 1811, which reference could be construed as a request that we take judicial notice of the fact that Betadine does not contain alcohol. Evid.R. 201, pertaining to judicial notice, reads in part as follows:

"(B) Kinds of facts.

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

"(C) When discretionary.

"A court may take judicial notice, whether requested or not.

"(D) When mandatory.

"A court shall take judicial notice if requested by a party and supplied with the necessary information.

"(E) Opportunity to be heard.

"A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

"(F) Time of taking notice.

"Judicial notice may be taken at any stage of the proceeding."

Pursuant to Evid.R. 201(F), judicial notice may be taken at any stage of the proceeding, including on appeal. Construing appellant's reference to Physician's Desk Reference as a request that we take judicial notice, then this court must do so, provided appellant has supplied this court with the necessary information. Evid.R. 201(D). Physician's Desk Reference describes Betadine as "povidone-iodine." Taber's Cyclopedic Medical Dictionary (16 Ed.1989) 1465, describes povidone-iodine as "[a] complex of iodine with povidone." "Povidone" is defined as "[a] synthetic polymer used as a dispersing and suspending agent in manufacturing drugs." *Id.* From the foregoing, it appears that Betadine does not contain alcohol. We find this fact is not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to the aforementioned sources, whose accuracy cannot reasonably be questioned. Evid.R. 201(B)(2). Accordingly, we take judicial notice of the fact that Betadine does not contain alcohol. Cf. *State v. Consilio* (Apr. 28, 1986), Lake App. No. 12–151, unreported.

Nevertheless, a review of the record reveals, and we so find, that the court properly suppressed the results of appellee's blood-alcohol test for the reason that the state failed to prove substantial compliance with the Department of Health regulations. The state adduced no testimony whatsoever regarding whether appellee's blood was drawn with a sterile dry needle and no testimony regarding the nature of the container or whether the container contained a solid anticoagulant. Cf. *State v. Maudlin* (Aug. 14, 1989), Clark App. No. 2494,

unreported, 1989 WL 83920. Accordingly, appellant's assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

GREY, J., concurs.

PETER B. ABELE, J., concurs in judgment only.