DECISION AND JUDGMENT ENTRY.
This is an appeal from a judgment of conviction and sentence entered by the Marietta Municipal Court, upon a bench trial, finding Gerald William Barth, defendant below and appellant herein, guilty of failing to drive on an established truck route in violation of Marietta City Ordinance No. 339.02, a minor misdemeanor. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN INTERPRETATION OF CITY ORDINANCE NO. 339.02(C)(1) WHICH THE COURT RULED PROHIBITED APPELLANT FROM DRIVING ON GLENDALE TO COLEGATE TO STATE ROUTE 26 TO HIS DESTINATION IN THE CITY."
SECOND ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN RULING THAT CITY ORDINANCE NO. 339.02(C)(1) PROHIBITED ALL TRUCKS FROM ENTERING THE CITY UNLESS IT ENTERED ON AN ESTABLISHED TRUCK ROUTE."
A brief summary of the facts pertinent to this appeal is as follows. On the morning of October 9, 1998, appellant was hauling milk from "Hartline Dairy" (outside the City limits of Marietta) to the "Broughton Milk Company" plant (inside City limits). He was travelling along Colgate Drive in Marietta, at approximately 6 AM, when Patrolman Hickey of the Marietta Police Department pulled him over and issued a Uniform Traffic Citation charging him with violation of Marietta City Ordinance No. 339.02 (hereinafter referred to as "the ordinance") which generally prohibits trucks from driving in the City except upon established truck routes.[1]
The matter came on for a bench trial on November 16, 1998, at which time Patrolmen Hickey confirmed that Colgate Drive was not an established truck route through the City and that appellant had therefore violated the ordinance. Patrolman Hickey recounted that he had stopped appellant in the past to warn him that it was not permissible to travel over Colgate Drive and that he had explained to appellant that alternate routes were available to reach the same destination. Appellant, who represented himselfpro se below, stated that he had previously been told trucks were permitted on Colgate Drive. In any event, appellant continued, there was no other way to reach his destination but to go over Colgate Drive. Both the trial court and the prosecutor tried to explain alternate routes to appellant but he objected on grounds that he did not "agree with that" or that such routes would force him to "drive out of [his] way." The trial court was undeterred and found appellant guilty. Judgment to that effect was entered the same day and appellant was given a $25 fine plus court costs. This appeal followed.
We shall jointly consider both assignments of error.[2]
Although not exactly a model of clarity, the gist of appellant's argument(s) seem to be that (1) there is no access to either Hartline Dairy or Broughton Milk Company over established truck routes and (2) as a result thereof, the ordinance deprives him of "a property right without recompense" as well as "equal protection of the law." We reject these arguments for several reasons.
First, the record contains no evidence whatsoever to substantiate appellant's claim that there is no access to these places by established truck routes. Indeed, if anything, the record shows several routes being explained to appellant at trial and him rejecting them because they made him drive "out of [his] way." The burden was on appellant to prove that there was no other access to these locations but he failed to carry that burden below.[3] Second, even if there is no access, appellant waived any claim that the ordinance violated his constitutional rights. It is well settled law that the failure to raise the issue of a statute's constitutionality at the trial level results in a waiver of that issue on appeal. See State v. Zuern (1987),32 Ohio St.3d 56, 63, 512 N.E.2d 585, 592; State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277, at paragraph one of the syllabus. This principle applies to municipal ordinances as well.See Reichenbach v. Routson (Dec. 22, 1993), Hancock App. No. 5-93-34, unreported; Harris v. Dep't of Pub. Health (Mar. 27, 1991), Summit 14792, unreported. There is no indication in the trial transcript that appellant ever raised these constitutional arguments against the ordinance during the proceedings below and, thus, we will not consider them for the first time on appeal. Accordingly, the assignments of error are overruled and the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
[1] The provisions of subsection (c)(1) of the ordinance stateinter alia that "[i]nter-[c]ity trucks . . . shall enter the City and proceed to the point within the City which is their destination by following the marked State or Federal highways and the established truck routes to the street intersection on such route nearest their point of destination and then following such other street or streets by the shortest practicable route to their destination. Such trucks shall not be driven upon any other public streets of the City at any time . . ."
[2] It should be noted at the outset that appellant's brief also presents a joint argument for both assignments of error. This was improper. While appellate courts may consider assignments of error together, the parties do not have the same option in presenting their arguments. See State v. Wyatt (Aug. 30, 1994), Scioto App. No. 93CA2168, unreported; In re Malone
(May 11, 1994), Scioto App. No. 93CA2165, unreported. The provisions of App.R. 16(A)(7) require a separate argument for each assignment of error and appellate courts are free to disregard any assignments which are not separately argued. See
App.R. 12(A)(2). We would thus be well within our authority to simply disregard both assignments of error herein and summarily affirm the judgment on that basis alone. See Park v. Ambrose
(1993), 85 Ohio App.3d 179, 186, 619 N.E.2d 469, 474; State v.Caldwell (1992), 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, 1103, at fn. 3; State v. Houseman (1990), 70 Ohio App.3d 499, 507,591 N.E.2d 405, 410. Nevertheless, in the interests of justice, we will consider this case on its merits.
[3] Copies of several maps are attached to appellant's brief. He contends that these maps prove his argument that there is no access to the locales in question over established truck routes. We cannot consider these maps, however, because they are not part of the record on appeal. See App.R. 12(A); also see Isbell v.Kaiser Found. Health Plan (1993), 85 Ohio App.3d 313, 318,619 N.E.2d 1055; Merillat v. Fulton Cty. Bd. of Commrs. (1991),73 Ohio App.3d 459, 463, 597 N.E.2d 1124. He nevertheless asks us in his reply brief to take judicial notice of the maps. We decline. Although the taking of judicial notice is allowed at any stage of proceedings, including appeal, see Evid.R. 201(F); also see Statev. Mays (1992), 83 Ohio App.3d 610, 614, 615 N.E.2d 641, 644;City Loan Fin. Servs. v. Koon (Sep. 3, 1996), Hocking App. No. 95CA8, unreported, and even though there is caselaw to support taking judicial notice of maps, see e.g. State v. Defenbauch
(Aug. 2, 1988), Delaware App. No. 88-CA-4, unreported, we will not do so here because there is no indication where these maps came from and whether or not they are reliable. Even if they are reliable, they are still meaningless to us and require some degree of explanation before we would be able to understand them. Further, the routes drawn thereon to illustrate appellant's argument were done by the defense and we believe the prosecution should have been allowed to see these maps at trial and cross-examine whomever highlighted them as well as introduce its own evidence to the contrary. For these reasons, it would be improper to take judicial notice of this kind of evidence.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
KLINE, P.J.: Concurs in Judgment Opinion
EVANS, J.: Not Participating
For the Court
 By: _________________________ PETER B. ABELE, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.