This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Erin L. Cunningham, has appealed from her conviction for driving while under the influence in the Akron Municipal Court. This Court affirms.
On November 14, 1999, Officers Michael Leslie and William Wilkerson of the Akron Police Department were called to the scene of an accident involving Cunningham. Upon being extricated from the vehicle she was operating, Cunningham was transported to Akron General Medical Center for treatment. Officer Leslie remained at the scene, and Officer Wilkerson accompanied Cunningham to the hospital. After conducting their investigation, the officers placed Cunningham under arrest and charged her with driving while under the influence in violation of Akron City Code 73.01(A)(1) and (2), and failure to control in violation of Akron City Code 73.13(A). After having been read the implied consent form, Cunningham consented to a blood-draw. A registered nurse at Akron General Hospital took a sample of Cunningham's blood. Officer Leslie then transported Cunningham's blood sample to the Akron Police Department's lab where the director of the lab tested it. The test indicated that Cunningham's blood-alcohol concentration level was .192, in excess of Ohio's .10 legal limit. See R.C. 4511.19.
Cunningham initially entered not guilty pleas to the charges and filed a motion to suppress the blood-alcohol test results and a motion in limine. The trial court denied Cunningham's motions. Pursuant to plea negotiations, Cunningham changed her plea to "no contest" to one count of driving while under the influence, and the remaining charges were dismissed. The trial court then found Cunningham guilty and sentenced her accordingly.
Cunningham timely appealed, and has set forth one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS THE BLOOD-ALCOHOL TEST RESULTS WHERE SUBSTANTIAL COMPLIANCE WITH THE REQUIREMENTS OF THE OHIO ADMINISTRATIVE CODE DID NOT EXIST.
 Cunningham has argued that the trial court erred by not suppressing blood-alcohol test results because the state did not prove that it substantially complied with the Ohio Administrative Code when testing her blood samples. This Court disagrees.
On a pretrial motion to suppress the results of a blood-alcohol test, the state has the burden of proving that the test was conducted in accordance with established law. State v. Mays (1992), 83 Ohio App.3d 610. The trial court shall admit the results of such tests into evidence if the state can show substantial compliance with Department of Health regulations. Id. at 613, citing State v. Plummer (1986),22 Ohio St.3d 292.
In the case sub judice, Cunningham argues noncompliance with several Ohio Administrative Code provisions. However, Rules 3701-53-06(B), (C), and (D) were not mentioned in Cunningham's motion to suppress. "In order to require a hearing on a motion to suppress, the accused must set forth the legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." (Citations omitted.) State v. Schindler (1994), 70 Ohio St.3d 54, syllabus. Therefore, the prosecution and the trial court only addressed the issues properly raised by Cunningham's motion at the February 25, 2000 hearing. This Court will not consider a claim that was not raised in the trial court. See State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus.
Cunningham has also argued noncompliance with Rule 3701-53-08, which requires people who apply or are issued permits under Rule 3701-53-09 of the Administrative Code to be given surveys and proficiency exams by representatives of the director of health. However, Mr. Perch testified that he is "a state licensed director of the laboratory," and his qualifications were stipulated to by the parties at the suppression hearing.
Cunningham's only argument was that the state did not meet its burden of proving substantial compliance. Therefore, this Court will not discuss the prejudice element of the test as set forth by this Court in State v.Tomko (Nov. 3, 1999), Summit App. No. 19253, unreported.[1]
Pursuant to this Court's standard of review, if the state meets its burden of proof and the defendant does not present any evidence of prejudice, then the trial court is correct in refusing to suppress evidence of the test results. Tomko, supra. After a review of the record, this Court finds that the state met its burden, and Cunningham did not allege prejudice; therefore, the trial court properly overruled the motion to suppress. The sole assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Municipal Court of Akron, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
______________________________________ DONNA J. CARR
WHITMORE, J. CONCURS.
BAIRD, P.J., CONCURS IN JUDGMENT ONLY
[1] In Tomko, this Court held that once the state has demonstrated compliance, strict or substantial, with the rules and regulations set forth in the Administrative Code, a rebuttable presumption of reliability and admissibility arises and the burden shifts back to the defendant. The defendant must then be able to show any prejudice, including prejudice caused by the scientific inaccuracy, unreliability, or invalidity or the test results under all the facts and circumstances of the case that rendered those test results inaccurate.