DECISION AND JUDGMENT ENTRY
{¶ 1} Marsha Fizer appeals the Jackson County Municipal Court's denial of her motion to suppress as well as her convictions for driving while under the influence of alcohol (DUI) and driving while under suspension (DUS). Fizer argues that the trial court should have granted her motion to suppress because the officer did not have reasonable suspicion to detain her and/or probable cause to arrest her. Specifically, she argues that at the time the officer detained and arrested her there was no evidence that she had operated the motor vehicle. Fizer also argues that the results of her breath alcohol (BAC) test should be suppressed because the state failed to present evidence of what time the test occurred and, thus, failed to establish that she took the test within the two-hour time limit required by R.C. 4511.19(D). In addition, Fizer argues that the trial court should have granted her motion for acquittal on the DUS charge because the state failed to establish, prior to the court's ruling on the motion, what type of suspension she was under.
 {¶ 2} We conclude that the officer had reasonable suspicion to detain Fizer and probable cause to arrest her. Accordingly, the trial court acted properly when it denied that part of her motion. However, because we conclude that the state failed to prove that Fizer's BAC test occurred within the two-hour time limit of R.C. 4511.19(D), the court should have granted Fizer's motion to suppress those results. Accordingly, we reverse her DUI conviction. As for the DUS charge, we conclude that the state presented sufficient evidence from which a reasonable trier of fact could have found Fizer guilty. Accordingly, we affirm Fizer's conviction for DUS.
 {¶ 3} In July 2001, Deputy Sheriff Scott Conley responded to a single car accident. When Deputy Conley arrived, Fizer and a companion were outside the vehicle. Deputy Conley asked the pair who had been driving and Fizer admitted that she had been. While talking to Fizer, Deputy Conley smelled the odor of alcohol on her. He also noticed that she was unsteady on her feet. When asked if she had been drinking, Fizer admitted that she had. At that time, Deputy Conley conducted a horizontal eye nystagmus test (HGN) on Fizer. She exhibited six out of six clues. Another officer performed a portable breath test on Fizer and she tested at .27. Deputy Conley arrested Fizer for DUI and transported her to the Ohio State Patrol Post where she submitted to a BAC test. The BAC results showed that Fizer's breath alcohol concentration was over the legal limit of .10. As part of the arrest process, Deputy Conley ran a LEADS report to verify that Fizer had a valid driver's license. The report indicated that Fizer's license was suspended.
 {¶ 4} Fizer was charged with DUI, DUS, failure to control, and fictitious registration.[1] After a one-day bench trial, the court convicted Fizer of DUI and DUS. On each charge, the court sentenced Fizer to 150 days incarceration with 130 days suspended, the sentences to run consecutively. The court also imposed a fine on each count and ordered 3 years of non-reporting probation. Fizer appeals, raising the following assignments of error: ASSIGNMENT OF ERROR NO. 1 — The trial court erred in denying appellant's motion to suppress by finding that the deputy had further articulable and reasonable suspicion to detain the defendant for field sobriety testing. ASSIGNMENT OF ERROR NO. 2 — The trial court erred in denying appellant's motion to suppress by finding that the deputy had probable cause to arrest the defendant for violating 4511.19. ASSIGNMENT OF ERROR NO. 3 — The trial court erred in denying appellant's motion to suppress by finding that the B.A.C. test was conducted within two hours of the time of the accident as required by 4511.19(d). ASSIGNMENT OF ERROR NO. 4 — The trial court erred in denying appellant's motion for acquittal pursuant to Crim.R. 29 as it relates to the driving under suspension charge (4507.02).
 {¶ 5} In her first three assignments of error, Fizer challenges the trial court's denial of her motion to suppress. Fizer argues that the tests of her coordination and alcohol level, as well as the observations and opinions of the officers who arrested her, should be suppressed because the officers did not have reasonable suspicion to detain her for field sobriety tests and/or probable cause to arrest her. Moreover, she contends that the results of her BAC test should be suppressed because the test was not conducted within the two-hour time limit required by4511.19(D).
 {¶ 6} In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. See, e.g., State v. Mills
(1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, citing State v. Fanning
(1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583; see also State v. Medcalf
(1996), 111 Ohio App.3d 142, 145, 675 N.E.2d 1268. Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Fausnaugh (Apr. 30, 1992), Ross. App. No. 1778. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Medcalf, supra; Fausnaugh, supra.
 {¶ 7} Fizer argues that Deputy Conley did not have reasonable articulable suspicion to detain her for field sobriety testing. She asserts that at the time Deputy Conley asked her to submit to the HGN, there was no basis for his belief that she was the driver of the car.
 {¶ 8} A police officer's investigative detention of an individual will conform to Fourth Amendment requirements only if the officer has reasonable articulable suspicion that criminal behavior has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86, 87,565 N.E.2d 1271. Reasonable and articulable suspicion exists when an officer can identify specific facts that, when taken together with rational inferences from those facts, would warrant a person of reasonable caution in the belief that the detainee has committed (or is about to commit) a crime. Terry, supra; State v. Freeman (1980),64 Ohio St.2d 291, 294, 414 N.E.2d 1044.
 {¶ 9} Fizer contends that when Deputy Conley asked her to submit to the field sobriety tests he did not have reasonable articulable suspicion to believe she had operated a motor vehicle. She challenges the trial court's finding that she admitted to driving the car while at the scene of the accident. She argues that Deputy Conley's testimony establishes that she did not admit to driving the car until after she was arrested.
 {¶ 10} Deputy Conley testified that when he responded to the single-car accident, there were two people, a male and a female, outside the car. When asked if he was able to determine who was driving the vehicle, Deputy Conley responded "I, yes I did. I asked who was driving. After a couple of attempts to find out who was driving, the female then admitted that she was driving." Deputy Conley then identified the defendant as the female to whom he had spoken.
 {¶ 11} On cross-examination, Fizer's counsel questioned Deputy Conley about when Fizer's admission occurred. The following exchange took place: Mr. Moore: "Okay. I appreciate your honesty. Now, as some point you gave the defendant Miranda. Isn't that correct?" Deputy Conley: "Yes sir, twice." Mr. Moore: "Okay. You did it on two different occasions?" Deputy Conley: "Right." Mr. Moore: "Okay. When did you do it the first time? Deputy Conley: "When I placed her under arrest after the horizontal, horizontal gaze test." Mr. Moore: "Okay." Deputy Conley: "And then at the office before she consented to an interview." Mr. Moore: "Okay. And it was during that interview you alleged that she admitted to driving the vehicle to drinking the alcohol those which you testified to. Is that correct?" Deputy Conley: "That's correct.
 {¶ 12} Fizer relies on this exchange as evidence that she did not admit to driving the car until after she was arrested. However, Deputy Conley's direct testimony indicates that Fizer admitted to driving the car while at the scene of the accident. Reading his testimony as a whole, it appears that Fizer admitted to driving the car on two separate occasions: once, while at the scene of the accident and later, after being arrested. Thus, there is competent, credible evidence to support the court's finding that Fizer admitted to driving the car while at the scene of the accident.
 {¶ 13} Moreover, according to Deputy Conley, Fizer not only admitted that she drove the car but she also admitted that she had been drinking. He testified that he had asked her if she had anything to drink and she responded that she had. In addition to Fizer's admission that she had been drinking, Deputy Conley observed signs of intoxication. He testified that while he was talking to her he smelled alcoholic beverage on her. He also noticed that she was swaying and could not walk straight. Taken together, these facts, which existed when Deputy Conley detained Fizer for field sobriety testing, establish reasonable suspicion that she had been operating a motor vehicle while under the influence of alcohol. We agree with the trial court that Deputy Conley had reasonable suspicion to detain Fizer. Accordingly, Fizer's first assignment of error is overruled.
 {¶ 14} In her second assignment of error, Fizer argues that Deputy Conley did not have probable cause to arrest her for violating R.C.4511.19, which prohibits driving while under the influence of alcohol or drugs. She asserts that at the time Deputy Conley arrested her, there was no basis for his belief that she was driving the car. Moreover, she contends that Deputy Conley did not have the results of the portable breath test available to him when he arrested her. She maintains that the officer who administered the portable breath test did not do so until after she was arrested.
 {¶ 15} An arrest is not valid unless the arresting officer has probable cause to believe the arrestee has committed a crime. See Statev. Timson (1974), 38 Ohio St.2d 122, 311 N.E.2d 16, paragraph one of the syllabus. An officer has probable cause for an arrest when the officer has a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a person of reasonable caution in the belief that an individual is guilty of the charged offense. Huber v. O'Neill (1981), 66 Ohio St.2d 28, 30, 419 N.E.2d 10; see also Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223,13 L.Ed.2d 142. Thus, Deputy Conley had probable cause to arrest Fizer if the totality of the facts and circumstances known to him at the time of the arrest would warrant a prudent person in believing that the appellant violated R.C. 4511.19. Medcalf, 11 Ohio App.3d at 147. The arrest will be valid so long as it is supported by the arresting officer's observations indicating (1) alcohol consumption, and (2) operation of a motor vehicle while under the influence or with an alcohol level in excess of the relevant statutory limits. See Id. at 147-148; State v. Ousley (Sept. 20, 1999), Ross App. No. 99CA2476.
 {¶ 16} Fizer argues that Deputy Conley did not learn she had been driving the car until after he had arrested her. Based on that, she argues that Deputy Conley lacked probable cause to arrest her for DUI. We already found competent, credible evidence in the record to support the trial court's determination that Fizer admitted to driving the car prior to being arrested. Deputy Conley's testimony indicates that Fizer admitted to driving the car while they were at the accident scene.
 {¶ 17} In addition, Fizer argues that the trial court wrongly considered her portable breath test results in determining whether Deputy Conley had probable cause to arrest her. She maintains that she was not given the portable breath test until after her arrest.
 {¶ 18} Deputy Conley testified that he placed Fizer under arrest after the horizontal gaze test. He testified that after arresting her, he placed her in his cruiser for observation. The prosecutor then asked Deputy Conley if he was observing her because he was going to give her another type of test. Deputy Conley responded: "I would have preferred having the portable breathalyzer test, which did her once, I'm not sure if it was Wellston or OSP, but she tested in the field at .27."
 {¶ 19} On cross-examination, Deputy Conley testified that he did not administer the test but he saw it administered. The following exchange then took place: Mr. Moore: "Okay. Was it, do you recall the defendant being in the cruiser, I think it was your testimony, when it was administered, she was already in the cruiser." Deputy Conley: "No sir. It was administered right after the horizontal gaze test." Mr. Moore: "Before she was put in the vehicle?" Deputy Conley: "I can't testify to that either."
 {¶ 20} While this testimony is confusing, a reasonable factfinder could conclude that the test occurred before her arrest. Therefore, we cannot say that there is no competent, credible evidence to support the trial court's finding that the officer administered the test prior to Fizer's arrest.
 {¶ 21} Moreover, Deputy Conley had probable cause to arrest Fizer for DUI even without the PBT results. Deputy Conley responded to a report of a single car accident. While he was at the accident scene, Fizer admitted that she had been driving the car and also that she had been drinking. He indicated that he smelled the odor of alcohol on her and noticed that she couldn't walk straight. When Deputy Conley administered the HGN test, Fizer exhibited six of six clues.[2] These facts alone were sufficient to establish probable cause to arrest Fizer for DUI. SeeState v. Frame (April 1, 1997), Lawrence App. No. 96CA17 (facts were sufficient to establish probable cause for DUI arrest where defendant caused an accident, admitted to drinking, scored six out of six possible points on HGN, and officer smelled odor of alcohol on defendant). Therefore, we agree with the trial court that Deputy Conley had probable cause to arrest Fizer for DUI. Accordingly, Fizer's second assignment of error is overruled.
 {¶ 22} In her third assignment of error, Fizer contends that the results of her BAC test should be suppressed because the state did not prove that the test was conducted within the two-hour time requirement of R.C. 4511.19(D), which reads: "In any criminal prosecution for a violation of this section * * * the court may admit evidence on the concentration of alcohol * * * in the defendant's blood, breath * * * at the time of the alleged violation as shown by a chemical analysis of the defendant's blood, urine, breath * * * withdrawn within two hours of the time of the alleged violation."
 {¶ 23} Fizer argues that the court should have suppressed the results because the state did not offer any evidence to establish when she took the BAC test. On a pre-trial motion to suppress the results of a blood or breath alcohol test, the state has the burden of proving that the test was conducted in accordance with established law to the extent that the defendant takes issue with the test. See Cincinnati v. Sand
(1975), 43 Ohio St.2d 79, 330 N.E.2d 908, paragraph one of the syllabus;State v. Mays (1992), 83 Ohio App.3d 610, 612, 615 N.E.2d 641. Fizer contends that because the state failed to offer evidence of what time the test occurred, the state did not satisfy its burden of showing that the test was conducted within two hours of the accident. We agree.
 {¶ 24} At the suppression hearing, the state called Deputy Conley as its only witness. While Deputy Conley did not administer the BAC test, he was present while it occurred. At the hearing, Deputy Conley testified that, based on the defendant's statements and the time dispatch received the call of the accident, he estimated the time of the accident as 1:31 a.m. However, Deputy Conley did not testify about what time Fizer took the BAC test. Moreover, the state offered no documentary evidence to establish that point in time.
 {¶ 25} In ruling on the motion to suppress, the trial court found that the state had administered the BAC test within two hours of the accident and refused to suppress the results of the test. The court found that the "uncontroverted evidence" in the case established that the test occurred at 3:06 a.m. In coming to this conclusion, the trial court relied on documents attached to the traffic citation that was filed with the court. However, neither the ticket nor these documents were offered into evidence at the suppression hearing.
 {¶ 26} Crim.R. 12(F), which governs pre-trial motions, states that "[t]he court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." Where the state bears the burden of proving that a particular test was conducted according to established law, the court must confine its ruling on the motion to suppress to the evidence presented at the hearing. To allow the court to rely on evidence outside of the hearing would deny the defendant the opportunity to challenge the evidence against him.
 {¶ 27} The burden was on the state to prove that Fizer's BAC test occurred within two hours of the accident. The state offered no evidence to specify the time when Fizer took the BAC test. Therefore, we conclude that there was no competent, credible evidence presented at the hearing to support the trial court's finding that the BAC test occurred within two hours of the accident. Under R.C. 4511.19(D), the court should have suppressed the results of Fizer's BAC test. Accordingly, we sustain Fizer's third assignment of error.
 {¶ 28} In her fourth assignment of error, Fizer argues that the court should have granted her motion for acquittal because, prior to the ruling on the motion, the state failed to prove what type of suspension she was serving.
 {¶ 29} Crim.R. 29 motions for acquittal test the sufficiency of the evidence presented at trial. State v. Williams (1996),74 Ohio St.3d 569, 576, 660 N.E.2d 724, State v. Miley (1996),114 Ohio App.3d 738, 742, 684 N.E.2d 102. Crim.R. 29 requires a court to enter a judgment of acquittal when the State's evidence is insufficient as a matter of law to sustain a conviction. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Id., citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560.
 {¶ 30} Fizer argues that at the time she made her motion for acquittal the state had not proven what type of suspension she was serving at the time of the accident. She contends that it was only after she made her motion for acquittal that the state offered into evidence the LEADS report that specified her particular type of suspension.
 {¶ 31} Fizer was convicted of DUS in violation of R.C.4507.02(B)(1).[3] R.C. 4507.02(B)(1) states: "No person, whose driver's or commercial driver's license * * * has been suspended or revoked pursuant to Chapter 4509. of the Revised Code, shall operate any motor vehicle within this state * * *." The R.C. 4507.02 subsections describe separate and distinct offenses. State v. Weisman (March 15, 1995), Gallia App. No. 94 CA 19. R.C. 4507.02(B) only applies when a person's license was suspended under Chapter 4509, the Financial Responsibility Act. In order to satisfy its burden under R.C. 4507.02(B)(1), the state had to prove not only that Fizer's license was suspended, but that it was suspended pursuant to Chapter 4509. of the Revised Code. See Weisman, supra, State v. Fox (June 3, 1999), Belmont App. No. 97-BA-55, State v.Thorn (Oct. 6, 1999), Wayne App. No. 99CA0013. In addition, the state had to prove that Fizer operated a vehicle within the state of Ohio while that suspension was in effect. See R.C. 4507.02(B).
 {¶ 32} At Fizer's trial, Deputy Conley identified the LEADS report, which was then marked as exhibit one. Deputy Conley testified that the LEADS report indicated that Fizer's license was suspended. However, he did not specify what type of suspension the report indicated.
 {¶ 33} After its second witness testified, the state indicated that it had no other witnesses. At that time, Fizer's attorney made a Crim.R. 29 motion for acquittal. In arguing against acquittal on the DUS charge, the state relied on the LEADS report, which showed that Fizer was under a non-compliance suspension. The trial court denied the motion as to the DUI and DUS charge. Only after the court had ruled on the motion did the state offer the LEADS report into evidence.
 {¶ 34} Under Evid.R. 611(A), the court is to exercise reasonable control over the mode and order of presenting evidence so as to make the presentation effective for the ascertainment of the truth. It is within the trial court's discretion to allow a party to re-open the case to present additional evidence. Columbus v. Grant (1981), 1 Ohio App.3d 96,439 N.E.2d 907. The prosecution did not expressly move to re-open the case in order to admit the exhibit; instead, the state simply moved to admit the exhibit after the court ruled on the motion to dismiss. The court, in admitting the exhibit at that time, indirectly permitted the state to re-open its case.
 {¶ 35} In State v. Bumpus (Oct. 2, 1998), Clark App. No. 97-CA-0110, the Second District Court of Appeals found that the trial court did not abuse its discretion when it permitted the state to reopen its case to present evidence of venue, an essential element of the offense, despite the fact that the court had already overruled the defendant's motion for acquittal at the close of the state's case. The Second District found that "the court may reasonably vary the order of the proceedings to allow the state to present additional evidence on the matter in the dispute after it has rested if the state has such evidence." Bumpus, supra. The Second District went on to hold that the additional evidence cured any error in the court's ruling on the motion for acquittal. Id. See, also, State v. Pertee (Nov. 22, 1995) Wayne App. No. 95CA0033 (state permitted to re-open case where defendant made motion for acquittal at the close of state's case but the court had not yet ruled on it).
 {¶ 36} We find the court's rationale in Bumpus to be persuasive. The state apparently intended to admit the LEADS report into evidence. During its case-in-chief, the state identified the report and marked it as exhibit one; however, the prosecutor apparently inadvertently failed to admit the exhibit prior to Fizer's motion for acquittal. The failure to admit the exhibit was a mistake, an oversight on the state's part. It was within the court's discretion to permit the exhibit to be admitted after Fizer's motion for acquittal. Moreover, while Fizer objected to admission of the LEADS report, her objection was not based on timing, but rather whether the testimony established that the report related to her. We find that the trial judge did not commit prejudicial error in overruling Fizer's motion for acquittal even though the LEADS report was not admitted into evidence until after the court's ruling. With the LEADS report as evidence, any rational trier of fact could have found the essential elements of R.C. 4507.02(B)(1) proven beyond a reasonable doubt. Accordingly, we find that Fizer's fourth assignment of error has no merit.
 {¶ 37} Having found Fizer's third assignment of error to have merit we reverse and remand for further proceedings.
JUDGMENT REVERSED AND CAUSE REMANDED.
Kline, J. Evans, J.: Concur in Judgment and Opinion.
[1] The charges of fictitious registration and failure to control were dismissed upon Fizer's Crim.R. 29 motion for acquittal.
[2] A score of four or more points indicates a BAC level above the legal limit. State v. Bresson (1990), 51 Ohio St.3d 123, 126,554 N.E.2d 1330.
[3] It is not entirely clear from the record what subsection of R.C.4507.02 Fizer was convicted under. When Fizer's attorney asked the court what subsection it was charging under, the court's response was inaudible. While Fizer's brief indicates that she was charged with a violation of R.C. 4507.02(C), the state's brief states that she was charged under R.C. 4507.02(B)(1). We conclude, based on the LEADS report, that Fizer was convicted under R.C. 4507.02(B)(1).