MEMORANDUM OPINION
{¶ 1} Appellant, Barbara Thacker Kunig, guardian of the estate of Richard K.Thacker ("the ward"), appeals the order of the Portage County Court of Common Pleas, Probate Division, that the assets of the ward's inter vivos trust be included in the inventory of the ward's guardianship. At issue is whether the probate court had the *Page 2 
authority to enter this order and whether it is a final and appealable order. For the reasons that follow, we dismiss the appeal.
 {¶ 2} On September 28, 2005, appellant filed an application with the probate court to be appointed guardian of the person and estate of the ward. The ward is appellant's eighty-one year old father. Appellant alleged he was incompetent due to dementia.
 {¶ 3} On September 30, 2005, the ward's wife Louise Thacker ("Louise") filed a competing application to be appointed guardian of the person of the ward. Louise is the ward's second wife and is not appellant's mother. Louise and the ward were married in 1996. The relationship between appellant and Louise is strained.
 {¶ 4} In 1992 the ward had created a revocable inter vivos trust of which he was the trustee and sole beneficiary during his life. He funded the trust by transferring certain assets to himself as trustee. The trust is administered by Wachovia Securities ("Wachovia"). Appellant is employed at Wachovia as a financial adviser. The assets of the trust are a securities account at Wachovia in the amount of $185,000 and the ward's condominium in Ravenna, Ohio. Wachovia also administers the ward's separate IRA account in the amount of $999,940.
 {¶ 5} In 2004, when the ward was seventy-nine years old, he amended the trust to name appellant as the co-trustee. She is the residual beneficiary under the trust.
 {¶ 6} Pursuant to the agreement of the parties, on December 15, 2005, the court entered an order appointing appellant as guardian of the estate and co-guardian of the person of the ward and Louise as co-guardian of the person of the ward. *Page 3 
 {¶ 7} The guardianship soon became contentious. On March 20, 2006, Louise filed a motion to remove appellant as guardian due to her failure to timely file an inventory of the ward's assets, her refusal to pay the bills of the ward's home health care provider, her failure to include the assets of the trust in the guardian's proposed inventory, and her refusal to address the issue of moving the ward to a health care facility. Appellant unilaterally terminated the ward's health care service hired by Louise because they charged $6 more an hour than another service appellant had located.
 {¶ 8} Appellant filed the guardian's inventory on April 10, 2006, in which she included as part of the personal property of the ward the Wachovia IRA account, but did not list the ward's trust account. On April 13, 2006, the magistrate ordered that "the assets of the trust * * * be included in the inventory of the Guardianship." Appellant filed objections to this order.
 {¶ 9} On June 22, 2006, the court held a hearing on appellant's objections. The court entered its order on June 27, 2006. In its order the court found that appellant, as guardian, co-trustee of the trust, residual beneficiary of the trust, and financial adviser employed by Wachovia with control over the ward's accounts, had an interest in the trust account. The court also found there were ongoing disputes between the guardians concerning the location of a residential treatment facility for the ward and placement costs. For these reasons, the court ordered the assets of the trust, an accounting of its assets, and a copy of the trust documents be included in the inventory of the guardianship. The stated purpose of the order was "so that the court may monitor the assets of this Guardianship and Trust to ensure that Mr. Thacker's needs * * * are met by the Fiduciary Ms. Kunig." *Page 4 
 {¶ 10} This appeal follows. Appellant asserts the following assignments of error:
 {¶ 11} "[1.] The trial court erred to the prejudice of Appellant by ordering that the assets of Richard K. Thacker Trust Dated 1/25/1992 be placed in the Guardianship inventory.
 {¶ 12} "[2.] The trial court erred as a matter of law and abused its discretion by ordering that the assets of the Richard K. Thacker Trust Dated 1/25/1992 be placed in the Guardian's inventory without issuing proper notice to the Trustee and without the matter being properly before the Court."
 {¶ 13} Appellant argues in her brief that the trust assets belong to her and not to the ward, and that her interests were prejudiced by the court's order. The ward argues that appellant lacks standing to maintain this appeal because she has been removed as guardian by the probate court. Louise argues that we do not have jurisdiction of this appeal because the subject order is not final and appealable.
 {¶ 14} We note that on November 27, 2006, appellant filed another appeal under Case No. 2006-P-0113 from a later order of the probate court in this case, dated October 25, 2006, removing her as guardian. While that appeal was pending, on January 23, 2007, appellant moved to dismiss the appeal. Appellant stated in her motion: "For cause Appellant states that the issue to be brought before this Court is moot due to the death of the ward, Richard Thacker on January 14, 2007."
 {¶ 15} Under Evid.R. 201(F), judicial notice may be taken at any stage in the proceedings, including on appeal. State v. Mays (1992),83 Ohio App.3d 610, 614. Further, a court may take judicial notice of prior proceedings in the immediate case. D B Immobilization Corp. v.Dues (1997), 122 Ohio App.3d 50, 53. We herewith take *Page 5 
judicial notice of the proceedings in the trial court in the instant matter reflected in the record in Case No. 2006-P-0113.
 {¶ 16} The Ohio Supreme Court considered the authority of the guardian upon the death of his ward in Sommers v. Boyd (1891), 48 Ohio St. 648. In that case the court held: "The death of the ward terminates the guardianship, and the guardian has no further authority or control over the personal estate remaining in his hands except to safely keep and deliver the same to the personal representative." Id. at paragraph one of the syllabus.
 {¶ 17} The Supreme Court approved and followed Sommers, supra, inSimpson v. Holmes (1922), 106 Ohio St. 437, in holding: "Death of the ward terminates all duties and powers upon the part of the guardian." Id. at paragraph one of the syllabus.
 {¶ 18} We followed the holdings of Sommers and Simpson in In reGuardianship of Mogul (April 30, 2002), 11th Dist. No. 2001-T-0083, 2002 Ohio App. LEXIS 2057. In Mogul we held: "It is well-settled that the death of the ward terminates any guardianship proceedings by operation of law. The guardian's duties and powers end upon the ward's death * * *." Id. at *5.
 {¶ 19} In In re Trust Created Under The Will of Schappert (Dec. 11, 1984), 3d Dist. No. 4-83-16, 1984 Ohio App. LEXIS 11882, the probate court ordered the guardian to pay certain expenses of the ward. The guardian appealed. The case was set for oral argument. The parties waived argument and thereafter one of the parties notified the court that the ward had died. The court cited Sommers, supra, andSimpson, supra, in holding: "The death of the ward having terminated the authority of the guardian, the *Page 6 
guardian lacks standing to further prosecute the appeal, and the same should be dismissed." Schappert, supra, at *3-*4.
 {¶ 20} As a result of the death of the ward in the instant case, we hold that appellant lacks standing to prosecute this appeal.
 {¶ 21} Because we hold that appellant lacks standing due to the death of the ward, there is no need to consider other issues in this case concerning standing and appellate jurisdiction.
 {¶ 22} For the reasons stated in the Opinion of this court, the instant appeal is dismissed. Pursuant to this entry, all pending motions at this time are hereby overruled as moot.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1