OPINION
{¶ 1} This matter comes before us upon David Stephen Sour's second appeal from his conviction and sentence following guilty pleas to multiple counts of aggravated robbery and robbery.
 {¶ 2} The record reflects that Sour pleaded guilty to five counts of aggravated robbery and four counts of robbery. In exchange, the State nolled a kidnaping charge and several firearm specifications, dismissed a probation-revocation case, and agreed to defer to the trial court's sentencing discretion. Following a hearing, the trial court sentenced Sour to three years on each of the five aggravated robbery counts, one year on three of the robbery counts, and two years on the remaining robbery count. The trial court ordered the aggravated robbery sentences to be served consecutively. It ordered the one-year robbery sentences to be served concurrent with one another but consecutive to the aggravated robbery sentences. Finally, it ordered the two-year robbery sentence to be served consecutive to the other sentences. The result was an aggregate eighteen-year sentence.
 {¶ 3} On September 5, 2001, Sour appealed his sentence. Upon review, we held that the trial court's failure to explain its reasons for imposing consecutive sentences required a remand for resentencing. See State v. Sour, Montgomery App. No. 19025, 2002-Ohio-6384. The trial court subsequently held a new sentencing hearing on April 22, 2003, and reimposed the same sentences set forth above. Although Sour appealed again, his appellate counsel filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, asserting that he had reviewed a transcript several times and could not find any issues for our review. Sour then filed his own brief, asking us to consider whether the trial court's sentencing-related findings were supported by the record.
 {¶ 4} On April 6, 2004, we filed a decision and entry in which we noted that Sour's counsel could not have reviewed a transcript of the resentencing hearing because no transcript had been requested. As a result, we directed counsel to obtain the transcript and to redetermine whether any meritorious issues exist. Sour's counsel subsequently reviewed a videotape of the trial court's April 22, 2003, resentencing hearing and filed another Anders brief on June 11, 2004.
 {¶ 5} Having thoroughly examined the record of the proceedings in this case, particularly the videotape of Sour's recent resentencing hearing, we agree with the assessment of appellate counsel that there are no meritorious issues for our review. The videotape reflects that the trial court complied with our remand order by setting forth its reasons for imposing consecutive sentences, as required by R.C. § 2929.19(B)(2)(c). In response to the concern expressed by Sour in his pro se brief, we note too that the trial court's findings and reasons for imposing consecutive sentences are supported by information found in his presentence report and by admissions made by Sour and his attorney during various hearings.
 {¶ 6} Finally, we have considered and rejected the possibility that the United States Supreme Court's recent decision in Blakely v. Washington (2004), 124 S.Ct. 2531, might impact the propriety of Sour's sentence. In Blakely, the Court held that the maximum sentence a judge may impose is one based solely on the facts reflected in a jury verdict or admitted by the defendant. The Blakely decision expanded on the Court's ruling in Apprendi v. New Jersey (2000), 530 U.S. 466, wherein it held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.[1]
 {¶ 7} Assuming that Blakely applies in the present case, which is before us on direct appeal, we find no potentially meritorious issues for review. In State v. Gambrel (Feb. 2, 2001), Miami App. No. 2000-CA-29, we held that Apprendi did not apply to the findings necessary to impose consecutive sentences. Even if Blakely could be read as casting doubt on that determination, the trial court's factual findings in the present case do not violate the rule of Blakely. In support of its decision to impose consecutive sentences, the trial court found that Sour previously had been incarcerated, that he had multiple prior felony convictions, that he previously had been placed on judicial release or probation and had that status revoked for violations, that he was high on crack cocaine when he committed his present offenses, that his present offenses involved threats of physical harm, and that they were distinctly separate crimes committed at different locations.
 {¶ 8} Under Apprendi the trial court was entitled to take note of Sour's prior convictions, and nothing in Blakely
provides otherwise. By analogy, we believe the trial court also was entitled to take note of the fact that he previously had been placed on judicial release or probation and revoked. As with the existence of Sour's prior convictions, this background information regarding his "status" was not disputed and could not be subject to serious dispute. We have found similar information to be outside the scope of Apprendi. See Gambrell, supra. As for the trial court's other findings, defense counsel admitted during the plea hearing that Sour previously had been incarcerated. Likewise, Sour admitted during his plea hearing that he had brandished a handgun and threatened the use of force and physical harm. He also admitted during his first sentencing hearing that he was "under the influence of narcotics" at the time of his crimes, and that they were committed at different times and locations. Therefore, under both Apprendi andBlakely the trial court was entitled to consider these facts when imposing consecutive sentences.
 {¶ 9} Based on the reasoning set forth above, we agree with Sour's appellate counsel that no potentially meritorious issues exist for our review. We also find no merit in Sour's pro se argument as to whether the record supports the trial court's findings and reasons for imposing consecutive sentences. Accordingly, the trial court's judgment is affirmed.
Fain, P.J., and Young, J., concur.
[1] The "statutory maximum" for Apprendi purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, supra, at 2537.