JOURNAL ENTRY AND OPINION
{¶ 1} Rayshun Glass appeals from a sentence imposed by Judge Kathleen A. Sutula after he pleaded guilty to attempted felonious assault.[1] He claims the judge erred in imposing more than the minimum prison term presumed applicable under R.C.2929.14(B). We vacate the sentence and remand for consideration of Blakely v. Washington.[2]
 {¶ 2} On June 30, 2003, then twenty-two-year-old Glass was involved in a fight that broke out between members of his family and the residents and guests of a house in the 4100 block of East 102nd Street in Cleveland During the fracas, he bit Marzella White in the chest, leaving a substantial bruise or scar.[3] The feud later climaxed when DeShon Baker, the boyfriend of Glass's sister, went to the residence wielding a gun. Bobby Davis, an off-duty East Cleveland police officer, saw this fight and attempted to break it up. Baker shot him five times and he died from his wounds.
 {¶ 3} Initially Glass was indicted for the attack on Davis on charges of attempted aggravated murder and felonious assault, as a co-defendant with his sister and Baker. It does not appear that there was any evidence that he was involved in the shooting, and he was later separately indicted in this case on a charge of felonious assault for the attack on White. He reached an agreement in which he pleaded guilty to attempted felonious assault, a third degree felony, and the charges against him in Baker's case were dismissed.
 {¶ 4} At sentencing, the judge stated that she was unimpressed with Glass's claims of self-defense because the presentence investigation report indicated that, after his brother had been involved in a fight with the Whites, instead of calling the police, he went to confront them. She noted that the bite wound was severe, and that the victim had suffered both serious physical harm and serious psychological harm. She also noted that, although he had no adult criminal record, Glass had "a prior juvenile delinquency."[4] Finally, she stated that Glass showed "absolutely no remorse for the offense." Although Glass had not previously served a prison term, she found that "the shortest prison term will demean the seriousness of this offense, and * * * will not protect the public from you and your associates adequately."
 {¶ 5} Glass was then sentenced to three years in prison, and advised that he was subject to an undisclosed term of discretionary post-release control.[5] He states a single assignment of error, which is included in an appendix to this opinion.
 {¶ 6} Although he does not dispute that the judge made proper findings under R.C. 2929.14(B), he contends the findings are not supported by the record. Among other things, he argues that there was no evidence that the victim suffered psychological harm, that his juvenile record was so remote that it did not show a likelihood of recidivism, and that there was mitigating evidence showing that the victim might have been the aggressor or that Glass acted under provocation. We note that, under R.C.2953.08(G), an appellate court is not authorized to weigh the evidence to determine whether the record supports a judge's findings under R.C. 2929.14(B). The only time such review is appropriate is when the judge imposes consecutive sentences under R.C. 2929.14(E)(4), imposes a prison term or community control for an offense which carries a contrary presumption under R.C.2929.13(B) or (D), or grants judicial release despite a presumption to the contrary under R.C. 2929.20(H).[6] In all other cases, we can overturn the judge's findings only if we find them "contrary to law,"[7] a standard which requires that we examine the sufficiency, rather than the weight, of the evidence.[8]
 {¶ 7} We cannot conduct this review, however, because the standard of proof required for a finding under R.C. 2929.14(B), as well as the methods for receiving evidence and making that finding, may have been altered by the recent United States Supreme Court decision in Blakely v. Washington,[9] which states that the "statutory maximum" is not the longest term the defendant can receive under any circumstances, but is "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant."[10] No jury made a finding that the minimum term would demean the seriousness of Glass's conduct or would not adequately protect the public from future crime, nor did he admit to either finding. Although we take no position at this time concerning whether Blakely applies to the departure from minimum sentencing in R.C. 2929.14(B), or whether the findings required in that statute are comparable to the "deliberate cruelty" finding discussed in Blakely, such issues can be raised on remand
 {¶ 8} Appellant's assignment is sustained pending the application of Blakely.
 {¶ 9} The sentence is vacated and remanded for resentencing.
 APPENDIX — ASSIGNMENT OF ERROR "The trial court erred by failing to make findings supportedby evidence that a lesser sentence would demean the seriousnessof defendant's conduct or fail to adequately protect the publicfrom further crime."
It is ordered that the appellant recover from appellee costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, J., Concurs in judgment only
 Michael J. Corrigan, A.J., Dissents (see Dissenting Opinionattached.
[1] R.C. 2903.11, 2923.02.
[2] (June 24, 2004), No. 02-1632, 72 U.S.L.W. 4546.
[3] A photograph of the injury admitted as an exhibit during sentencing showed a bruise and a bite mark that did not appear to break the skin, but the judge referred to the bite as causing a scar.
[4] There is some question whether Glass was adjudicated delinquent, because the presentence investigation report stated that he had a juvenile assault charge in 1995, but the report listed the disposition only as "[c]ommitted to supervision of parent."
[5] Although a three-year term of post-release control was mandated under R.C. 2967.28(B)(3), and the journal entry states that a three-year term of post-release control is a part of this prison sentence, this entry is inconsistent with the imposition of discretionary post-release control at the sentencing hearing.
[6] R.C. 2953.08(G)(2)(a).
[7] R.C. 2953.08(G)(2)(b).
[8] See, e.g., State v. Thompkins, 78 Ohio St.3d 380,386-387, 1997-Ohio-52, 678 N.E.2d 541 (sufficiency challenge presents a question of law, while manifest weight review allows credibility assessments).
[9] (June 24, 2004), 124 S.Ct. 2531, 159 L.Ed.2d 403.
[10] Id., 159 L.Ed.2d at 413.