DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michelle Gonzalez Moore, appeals from the trial court's sentence of seven (7) years for her plea of guilty to a second-degree felony and three fourth-degree felonies on the grounds that the court allegedly failed to make findings on the record required by R.C. 2929.14(B) regarding why it did not impose the minimum sentence. For the following reasons, this Court finds that the trial court made the necessary findings and its imposition of a seven-year sentence was proper. The sentence of the trial court is hereby affirmed.
 I. {¶ 2} Appellant pled guilty to one count of engaging in a pattern of corrupt activity, one count of misuse of credit cards, and two counts of grand theft. The trial court accepted her plea and sentenced her to a total of seven years. On appeal, this Court reversed the trial court's sentence on the grounds that the court failed to make the requisite findings under R.C.2929.14(B). State v. Moore, 9th Dist. No. 21546, 2003-Ohio-7191.
 {¶ 3} On January 20, 2004, the trial court re-sentenced the appellant to seven years on the charge of engaging in a pattern of corrupt activity and one year each on the other charges, the three one-year terms to run concurrently with the seven year term. Appellant appeals the trial court's re-sentencing on the same grounds as her prior appeal. She argues that the court failed to make the requisite findings under R.C. 2929.14(B).
 II. ASSIGNMENT OF ERROR
"Whether the trial court's sentence was contrary to law since it did not take into account fundamental sentencing principles, express sentencing criteria, or make findings pursuant to Ohio revised Code Section 2929.14(B)[.]"
 {¶ 4} In her sole assignment of error, appellant argues that the trial court erred in not imposing the minimum sentence. This Court disagrees.
 {¶ 5} R.C. Section 2929.14(B) provides:
"[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies: * * *
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 6} In this case, the trial court did not sentence appellant to the minimum sentence. Consequently, the court was required to state its reasons at the sentencing hearing for its longer sentence. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 20. Appellant argues that the trial court failed to make such findings as required by the statute. She argues that the trial court did not first consider imposing the minimum sentence before imposing a longer sentence based upon one of the permitted reasons. She also argues that the trial court did not justify her longer sentence.
 {¶ 7} First, a trial court is not required to consider imposing the minimum sentence first before it considers a longer sentence. The Ohio Supreme Court in State v. Evans,102 Ohio St.3d 240, 2004-Ohio-2659, held that a court is not required to perform a two-step process before imposing a longer sentence.
 {¶ 8} Further, the trial court did make the specific findings required for a longer sentence during appellant's re-sentencing. At the re-sentencing hearing, the court found that: "a minimum sentence would demean the seriousness of the conduct and would not adequately protect the public from future crimes[.]" These are the required findings for a longer sentence under R.C.2929.14(B).
 {¶ 9} Last, appellant argues that the court failed to make certain statutory justifications in imposing a longer sentence. In reviewing the trial court's imposition of sentence, this Court does not review the sentence under an abuse of discretion standard. Under R.C. 2953.08(G), we are not authorized to weigh the evidence to determine whether the record supports the trial court's findings under R.C. 2929.14(B). This Court can overturn the trial court's findings if such findings are "contrary to law." R.C. 2953.08(G)(2)(b). This standard requires an examination of the sufficiency, rather than the weight, of the evidence. R.C. 2953.08(G)(2)(a) and (2)(b). State v. Glass, 8th Dist. No. 84035, 2004-Ohio-4912, at ¶ 6.
 {¶ 10} This Court finds that there is sufficient and ample evidence for the trial court to have imposed a longer sentence. The trial court considered the age and number of victims, the continuing course of conduct, the amount of damage, the involvement of others, the impact on many others including appellant's minor children, and her previous activity in other counties. These factors more than support the trial court's sentence.
 III. {¶ 11} For the foregoing reasons, this Court finds that the trial court's sentence was proper and affirms.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Batchelder, J., concur.