DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. The court found Shaun Paul Hardie, the defendant below and the appellant herein, guilty of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) (B)(1).
 {¶ 2} The following errors are assigned for review:
FIRST ASSIGNMENT OF ERROR:
"The trial court erred by sentencing Mr. Hardie to a non-minimum prison term based on facts not found by the jury or admitted by Mr. Hardie."
SECOND ASSIGNMENT OF ERROR:
"The trial court erred by considering the potential harm to the victim as a factor justifying the imposition of a prison term on mr. hardie."
 {¶ 3} Appellant's father, Robert Hardie, Sr., and Terry Wells met, became romantically involved and eventually decided to live together. Hardie and his son (appellant) moved in with Wells and her teenage daughter, Ashley. Sometime thereafter, the appellant and Ashley became romantically involved. Their relationship commenced with "hugging and kissing" and progressed to appellant "fingering her private parts" and, finally, to Ashley performing fellatio.[1]
 {¶ 4} On or about December 17, 2003, the Washington County Grand Jury returned an indictment charging the appellant with unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) (B)(1). He initially pled not guilty, but eventually reached an agreement with the prosecution whereby he would plead guilty to this count in exchange for (1) no further charges and (2) an agreement that he should only be classified as a "sexually oriented offender" rather than a more serious classification. The matter came on for hearing on March 11, 2004, and, after reviewing appellant's constitutional rights and the terms of the plea agreement and the facts of the case, the court accepted his guilty plea and passed the matter for pre-sentence investigation.
 {¶ 5} At the April 29, 2004 sentencing hearing Ashley's father briefly spoke and stated that his daughter blamed herself for what happened. There were also other references at the hearing to Ashley being "slow" and having a "need to please men." At the same time, the appellant was also described as "slow."[2] The court reviewed both the mitigating and aggravating factors and sentenced appellant to serve a twelve (12) month term of incarceration. This appeal followed.
 I {¶ 6} Appellant argues in his first assignment of error that the trial court erred in sentencing him to a term of incarceration beyond the minimum allowable sentence because it did so based on sentencing factors to which the appellant did not admit and were not determined by a jury.[3] Appellant's argument is based on the recent decision of the United States Supreme Court in Blakely v. Washington (2004), ___ U.S. ___,159 L.Ed.2d 403, 124 S.Ct. 2531, wherein the Court held that a sentence that exceeds the maximum allowable sentence under Washington law, and based on factors neither admitted by the defendant nor determined by a jury, violated the defendant's Sixth Amendment right to jury trial. Appellant argues thatBlakely applies here and that his sentence must be reversed because the trial court imposed a sentence beyond the minimum sentence allowed under Ohio law. We are not persuaded.
 {¶ 7} There is no question that Blakely is causing enormous confusion and speculation in federal and state courts. While there is no clear consensus on the issue in Ohio, the Eighth District appears to accept that Blakely applies in Ohio and that minimum sentences must be imposed unless those factors necessary to impose a higher sentence are determined by a jury rather than a trial court judge. See e.g. State v. Glass,
Cuyahoga App. No. 84035, 2004-Ohio-4912 at ¶ 7; State v.Taylor, Cuyahoga App. No. 83551, 2004-Ohio-4468 at ¶ 36; Statev. Quinones, Cuyahoga App. No. 83720, 2004-Ohio-4485 at ¶ 30.
 {¶ 8} Recently, in State v. Scheer, 158 Ohio App.3d 432,816 N.E.2d 602, 2004-Ohio-4792, we weighed into the matter and came to a different conclusion. We held that Blakely does not apply in Ohio in light of the particular mechanics of this state's sentencing scheme. Our reasoning was as follows:
 {¶ 9} "Blakely holds that a trial court cannot enhance a sentence beyond the statutory maximum based on factors other than those found by the jury or admitted to by the defendant. Here, Scheer was sentenced to twelve months imprisonment, a term within the standard sentencing range for his crimes. In fact, the Ohio sentencing scheme does not mirror Washington's provisions for enhancements. Therefore, Blakely is inapplicable." Id. at ¶ 15.
 {¶ 10} In short, as long as a criminal defendant is sentenced to a prison term within the stated minimum and maximum terms permitted by law, Blakely is inappositive and criminal sentencing does not run afoul of the Sixth Amendment. The First District has adopted a similar position, see e.g. State v.Bell, Hamilton App. No. C-030726, 2004-Ohio-3621 at ¶¶ 40-42,[4] and some of our colleagues in the Eighth District appear to agree with us as well.[5] Appellant does not give us pause to reconsider Scheer and, thus, until such time as the Ohio Supreme Court or the United States Supreme Court weighs in on this issue, we continue to adhere to that ruling.[6]
 {¶ 11} For these reasons, we find no merit appellant's first assignment of error and it is hereby overruled.
 II {¶ 12} Appellant's second assignment of error concerns one of the factors the trial court cites as a reason for imposing a sentence that exceeds the statutory minimum sentence.
 {¶ 13} At one point during the discussion, and during the "seriousness factors" the trial court observed that this type of an offense "carries a potential risk for serious psychological harm." The court then carried this observation over into the sentencing entry and found that this crime is more serious than the norm because, inter alia, there is "a potential that the defendant caused serious psychological harm to the victim." Appellant argues that this is improper because a trial court cannot consider the mere "potential" for psychological harm and no explicit evidence of such harm exists in the record. We disagree.
 {¶ 14} Appellant is correct that R.C. 2929.12(B)(2) permits the trial court to consider "serious psychological to the victim" as a sentencing factor. He is also correct that the trial court did not find that "serious psychological harm" was inflicted on Ashley — only that a potential exists for such harm which, clearly, is not what the statute calls for. The flaw, however, is that under R.C. 2929.12(B) the court may consider "any other relevant factors" in its decision as well. Simply because subsection(B)(2) requires a showing that an offender inflicted actual psychological injury does not mean that a trial court cannot consider the "potential" for such harm being inflicted as one of the other "catch-all" factors in sub-section (B).
 {¶ 15} As support for his argument, appellant cites our decision in State v. Bruce, Washington App. No. 02CA51, 2003-Ohio-4081, ¶ 21, wherein we held that a court could not rely on "the potential for great or unusual harm" when considering if consecutive sentences should be imposed under R.C. 2929.14. We held, instead, that affirmative evidence of such harm must exist in the record to support the imposition of such sentences. The difference between that case and this one, however, is that R.C. 2929.14(E)(4), which was the statute at issue in Bruce, does not contain the same catch-all category for other factors as does R.C. 2929.12(B).
 {¶ 16} Appellant also cites a Tenth District decision inState v. Elkins, 148 Ohio App.3d 370, 380-381, 773 N.E.2d 593,2002-Ohio-2914, wherein the appellate court reversed the trial court's finding of serious physical, psychological or economic harm because no evidence was contained in the record to substantiate that the victims suffered psychological harm. The victim in that case — the owner of a pharmacy which had been burglarized — was not in the structure at the time the offense and nothing else appeared in the record to establish that psychological harm had been sustained. We believe, however, thatElkins is distinguishable from the case sub judice for two reasons: (1) the finding at issue in that case was whether actual psychological harm was inflicted, not whether the potential for such harm existed which is at issue here; and (2) one of the reasons the sentencing court cites for finding no evidence of psychological harm in Elkins was that the pharmacy owners were not present when the crime (burglary) was committed. In the instant case, however, the victim was present when the crime was committed and the potential for any psychological harm is much more direct.
 {¶ 17} Appellant further argues that no evidence in the record supports a finding that Ashley suffered psychological harm. First, as we noted above, this is not what the court found. The trial court did not find or determine that Ashley suffered psychological harm; rather, the court noted only that the potential for such harm exists. Second, we are not entirely sure that the record is devoid of any such evidence. Ashley's father testified that his daughter "blamed herself" for the incident. She also described as having a "need to please men" to which appellant clearly took advantage. In light of these factors, and considering the problems that aries when a child is involved in a sexual liaison with an adult, we find nothing particularly egregious with the trial court citing in this case a potential for psychological harm to the victim as a sentencing factor.
 {¶ 18} For these reasons, we find no merit in the second assignment of error and it is hereby overruled. Having reviewed all the errors assigned and argued in the briefs, and after finding merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] Appellant was twenty-two (22) years old at the time. Ashley was fifteen (15). Apparently, four or five instances of fellatio occurred before this came to light.
[2] Defense counsel conceded that his client's "mental age" was probably less than his "calendar age." Moreover, it appears from counsel's remarks that the appellant has subsequently married Ashley's older sister.
[3] This offense is a fourth degree felony pursuant to R.C. 2907.04(B)(1) which is punishable with prison terms from six to eighteen months. See R.C, 2929.14(A)(1). Appellant's twelve month term of imprisonment falls in the middle of that range.
[4] The Second District also appears to question applicability of Blakely to factors necessary to impose a non-minimum sentence in Ohio though its opinion on the issue in not entirely clear. See State v. Sour, Montgomery App. No. 19913,2004-Ohio-4048 at ¶¶ 7-9.
[5] See e.g. State v. Taylor, Cuyahoga App. No. 88351,2004-Ohio-4468 at ¶¶ 50-59 (Corrigan, J. Concurring in part and dissenting in part); State v. Glass, Cuyahoga App. No. 83950,2004-Ohio-4495 at ¶ 21 (Rocco, J., Dissenting).
[6] Obviously, we encourage either court to give us some guidance in this area.