DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. The trial court accepted a guilty plea from Robert V. Hardie, Jr., the defendant below and appellant herein, and found him guilty of rape in violation of R.C. 2907.02.
 {¶ 2} The following error is assigned for review:
"The trial court erred by sentencing Robert Hardie, Jr., to a non-minimum prison term based on facts not found by the jury or admitted by mr. hardie."
 {¶ 3} In 2003, the Washington County Grand Jury returned indictments charging the appellant with eight counts of rape. After plea negotiations, the parties reached an agreement in which the appellant pled guilty to one count of rape in exchange for a dismissal of all of the remaining charges.
 {¶ 4} Appellant notes that the parties stipulated to a statement of fact as follows:
"[O]n November the 12th of 2003 * * * [Mr. Hardie] engaged in sexual conduct — this is, penile penetration of the vagina of 
Andrea Cassidy * * *. Andrea Cassidy, at the time, was approximately 23 months old.
• * *
While he was committing this penile penetration, he purposely compelled the victim to submit by force, and during the commission of the offense, he caused serious physical harm to the victim.
* * * [O]n that date, [Mr. Hardie] was at the residence of Paula Fleming * * *. Paula Fleming is the mother of Andrea Cassidy, the victim in this case. There was another, Keith Alan Huff (phonetic), present. They'd been playing cards and talking. At approximately 11 o'clock, Ms. Fleming was hungry, so she went with Mr. Huff to McDonald's, leaving the child alone with Robert Hardie, Jr. They went to McDonald's. They were gone approximately 15 minutes.
When they returned, they could hear the child crying. They went to the * * * bathroom in [the] apartment, tried to get in the door. They couldn't get through the door.
Eventually, the door opened. Mr. Hardie left. Ms. Fleming picked up the baby and carried her to another room, and discovered that the child was bleeding from the vaginal area, took her to Marietta Memorial Hospital.
In the emergency room * * *, they discovered that the child had tears to the vaginal wall, that were beyond the ability of Marietta Memorial Hospital to treat. They had her transferred to Southeastern Medical Center * * *. There, she was examined by Dr. Michelle Dayton (phonetic) * * *. [Dr. Michelle] indicated that there was rip in the wall of the vagina, that it was ripped completely through, exposing the muscles of the rectum. Dr. Dayton stated — and would have testified that the degree of the injuries constituted serious physical harm.
 * * *
The Defendant was later questioned about this offense, and admitted to having inserted his penis into her vagina. She was laying on the floor, and she — he indicated that she was trying to get away, and — because of her * * * young age, she was unable to * * * escape his attack."
 {¶ 5} Appellant notes that the trial court accepted his guilty plea and then determined that he should serve the maximum sentence. In making that determination, the appellant contends that the trial court judge independently determined (i.e. facts not determined by a jury or admitted by the appellant) those facts that supported the maximum sentence as follows:
"The Court finds that the injury in this case was made worse by the physical [condition] * * *, mental condition, or age of the victim; specifically, this was a child, age 22 months. That this offender caused serious physical harm; in all probability has also caused severe psychological harm to that child. There is nothing here which would make this offense less serious than that contemplated by statue.
In regards to making him more likely to recidivate, he has a juvenile conviction for rape in September of 2000. As an adult, his has convictions for theft and falsification.
The Court has considered the record, the written reports, including the presentence investigation, the victim impact statement, * * * statements made, and Ohio law as it relates to sentencing for a felony.
 * * *
The Court in this case has not imposed a minimum sentence. This is a first prison term for an adult. The Court has determined that imposing the minimum sentence would not be adequate to protect the public, nor to punish the offender. The Court makes its finding based on the following factors:
In regards to the Court's obligation to protect the public, the Court notes that this offender was recently released from juvenile facilities for a serious sex offense, specifically rape. This offense demonstrates a callous disregard of excruciating pain inflicted on a very small child.
In regards to punishment, the Court notes that this offense demonstrates a * * * callous disregard of excruciating pain inflicted on a child who was seriously injured as a result of his actions.
The Defendant had to be aware that the child involved was not physically capable of accommodating sexual — sex with an adult male. And in the course of the offense, the Defendant penetrated the vaginal wall of this child, exposing the bowel, which required immediate and emergency [sic.] corrective surgery.
The Court has determined that imposing the maximum sentence is required to protect the public and adequately punish this offender. The Court finds that this offender has committed the worst form of this offense.
The Court notes that he cause serious physical harm to a child in the course of committing this offense, and that he * * * poses the greatest likelihood of * * * recidivism, by virtue of the fact that he has a previous conviction for rape."
 {¶ 6} The appellant contends, in his sole assignment of error, that the trial court's sentencing determination explicitly relied on factual findings that neither a jury had determined nor had the appellant admitted. Consequently, the appellant asserts that under Blakely v. Washington (2004), 542 U.S.,159 L.Ed.2d 403, 124 S.Ct. 2531, the appellant's sentence is unlawful and the trial court must, instead, impose the minimum available sentence. Appellant notes that Blakely held that a sentence imposed above the maximum allowable sentence under Washington law, and based on factors that were neither admitted by the defendant nor determined by a jury, violated the defendant's Sixth Amendment right to jury trial. Appellant argues that Blakely applies here and that his sentence must be reversed because the trial court imposed a greater than minimum sentence based on facts that were neither admitted by him nor determined by a jury. See R.C. 2929.14(B). We again take this opportunity to recognize thatBlakely is causing a great degree of confusion and speculation in both the federal and the state courts. While it appears that Ohio courts have not reached a clear consensus on the issue, the Eighth District appears to accept that Blakely applies to Ohio's sentencing scheme and that minimum sentences must be imposed unless a jury, rather than a trial court judge, determines the factors necessary to impose a greater than a minimum sentence. See e.g. State v. Glass, Cuyahoga App. No. 84035, 2004-Ohio-4912 at ¶ 7; State v. Taylor, Cuyahoga App. No. 83551, 2004-Ohio-4468 at ¶ 36; State v. Quinones, Cuyahoga App. No. 83720, 2004-Ohio-4485 at ¶ 30.
 {¶ 7} Recently, in State v. Scheer, 158 Ohio App.3d 432,816 N.E.2d 602, 2004-Ohio-4792, we reached a different conclusion and held that Blakely does not apply in Ohio in light of the particular mechanics of our sentencing scheme. In Scheer we wrote:
 {¶ 8} "Blakely holds that a trial court cannot enhance a sentence beyond the statutory maximum based on factors other than those found by the jury or admitted to by the defendant. Here, Scheer was sentenced to twelve months imprisonment, a term within the standard sentencing range for his crimes. In fact, the Ohio sentencing scheme does not mirror Washington's provisions for enhancements. Therefore, Blakely is inapplicable." Id. at ¶ 15.
 {¶ 9} In short, as long as a criminal defendant is sentenced to a prison term within the stated minimum and maximum terms permitted by law, criminal sentencing does not run afoul ofBlakely and the Sixth Amendment. See, also, State v. Hardie
(2004), Washington App. No. 04CA1. The First District has adopted a similar position, see e.g. State v. Bell, Hamilton App. No. C-030726, 2004-Ohio-3621 at ¶¶ 40-42,[1] as well as some of our colleagues in the Eighth District.[2] Thus, until such time as the United States Supreme Court or the Ohio Supreme Court addresses this issue, we will adhere to our ruling inScheer.[3]
 {¶ 10} Accordingly, based upon the foregoing reasons we hereby overrule the appellant's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
[1] The Second District also appears to have questioned the applicability of Blakely to factors necessary to impose a nonminimum sentence in Ohio. See State v. Sour, Montgomery App. No. 19913, 2004-Ohio-4048 at ¶¶ 7-9.
[2] See e.g. State v. Taylor, Cuyahoga App. No. 88351,2004-Ohio-4468 at ¶¶ 50-59 (Corrigan, J. Concurring in part and dissenting in part); State v. Glass, Cuyahoga App. No. 83950,2004-Ohio-4495 at ¶ 21 (Rocco, J., Dissenting).
[3] Obviously, we would encourage the Ohio Supreme Court to provide Ohio courts with guidance in this area.