OPINION
{¶ 1} Appellant, William Hogan, appeals the sentence meted out in the Mahoning County Court of Common Pleas on July 8, 2004, following his guilty plea to robbery.
{¶ 2} Appellant timely asserts one assignment of error on appeal from the trial court's sentencing entry:
{¶ 3} "The trial court erred when it sentenced the defendant to more than the relevant statutory maximum for a first time offender"
{¶ 4} Appellant pleaded guilty to robbery in violation of R.C. § 2911.02(A)(3), a third degree felony, and he was sentenced to a definite term of three years. This is neither the minimum nor the maximum authorized prison term. R.C. § 2929.14(A)(3) prescribes a one to five-year prison term for third degree felonies.
{¶ 5} Appellant argues that the trial court's departure from the minimum prescribed sentence is in violation of his Sixth Amendment right and the United States Supreme Court's decisions in Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403, and Apprendi v. New Jersey, (2000), 530 U.S. 466, 120 S.Ct. 2348.
{¶ 6} Regardless of Appellant's argument, this Court has recently concluded that a defendant waives his right to assert a sentencing challenge under Blakely and Apprendi if he or she does not object at the trial court level to the alleged violation of the constitutional right to a jury trial. This is because both Blakely and Apprendi dealt with, "well-established, rather than novel, constitutional rights, which must be timely raised at trial in order to be preserved as issues on appeal." State v. Barnette, 7th Dist. No. 02CA65, 2004-Ohio-7211, ¶ 105.
{¶ 7} Appellant pleaded guilty to the underlying offense in the instant case. Thereafter, he did not object at his sentencing hearing to any additional findings by the trial court he now alleges were in violation of Blakely, and Apprendi. (July 8, 2004, Sentencing.) Thus, Appellant waived his sole assignment of error arising under these cases.
{¶ 8} Notwithstanding Appellant's waiver, Blakely is inapplicable in the instant matter. The Supreme Court in Blakely held that the State of Washington's felony sentencing guidelines, in part, violated the Sixth Amendment right to a jury trial. The Blakely decision was founded on the fact that the sentencing judges were to impose special prison terms based on facts not determined by a jury or admitted by the defendant. Id.
{¶ 9} The United States Supreme Court has recently re-addressed its Blakely decision in U.S. v. Booker (2005), 543 U.S. ___ (2005), ___ S.Ct. ___. The Court reaffirmed its decision in Apprendi, which was the foundation for Blakely. Booker concluded that the Sixth Amendment as construed in Blakely and Apprendi applies to the federal sentencing guidelines. Id. at syllabus.
{¶ 10} The jury in Booker found the defendant guilty of possession of at least 50 grams of crack cocaine. Based on the jury's findings, the federal guidelines required a 210 to 262 month sentence. Id. at 10. However, instead of imposing a sentence within the foregoing parameters, the trial court held a post-trial sentencing hearing. Thereafter, the trial judge concluded by a preponderance of the evidence that the defendant possessed an additional 566 grams of crack cocaine and that he was guilty of obstructing justice. The jury was never presented with any such evidence. These additional findings allowed the judge to impose a sentence between 360 months to life imprisonment. As a result, the trial court judge imposed a sentence that was nearly ten years longer than the maximum authorized by the jury's verdict. Id.
{¶ 11} In addressing this constitutional violation, Booker held:
{¶ 12} "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 20.
{¶ 13} Regardless of Appellant's waiver on appeal, his claimed Blakely violation is based on the fact that the trial court judge found that his offense was partially based on prejudice since an elderly female was the victim of his robbery. (Tr. p. 15.) Appellant attempts to analogize this finding to the New Jersey hate-crime statute at issue in Apprendi, supra. However, Apprendi specifically held, "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." (Emphasis added.) Id. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. The hate-crime statute in Apprendi authorized additional penalties over and above the range he would otherwise face.
{¶ 14} Unlike the separate sentencing statute at issue in Apprendi, the trial court's reference to Appellant's prejudice in preying on an elderly woman was a finding in support of its decision that the shortest prison term would demean the seriousness of the offense. (Tr. p. 17.) This was a requisite finding for the trial court to depart from the minimum prescribed sentence. R.C. § 2929.14(B)(2). It was not a finding required under a separate penalty enhancement. Further, and even though the trial court did not sentence Appellant to the maximum allowable sentence, it concluded that Appellant committed the worst form of the offense and that he posed the greatest likelihood of committing crimes in the future. (Tr. p. 18.)
{¶ 15} In addition, this Court has already concluded in Barnette, supra, that Ohio's felony sentencing scheme does not violate Blakely and Apprendi, supra. This Court stated,
{¶ 16} "In Ohio, the trial judge does not have the discretion to impose a sentence greater than the sentence prescribed for each crime as listed in the indictment. * * * Unlike the statutes at issue in Blakely, Ohio's statutory scheme does not provide exceptions to give the trial court power to exceed the maximum punishment allowed by the * * * [applicable] statute. Any sentencing enhancements, such as gun specifications, must be also included in the indictment, and the jury must find the defendant guilty beyond a reasonable doubt of those enhancements as well." Barnette at ¶ 106.
{¶ 17} This Court cited several other appellate district courts that concluded that the Ohio sentencing guidelines are not in violation of the Apprendi and Blakely holdings. Id. at ¶ 107, citing State v. Scheer, 4th Dist. No. 03CA21, 2004-Ohio-4792; State v. Sour, 2nd Dist No. 11913, 2004-Ohio-4048; State v. Bell, 1st Dist. No. C-030726, 2004-Ohio-3621.
{¶ 18} Further, since this Court issued its Barnette decision, the Ninth District Court of Appeals has also held that Blakely and Apprendi are inapplicable to Ohio's sentencing scheme. State v. Rowles, 9th Dist. No. 22007, 2005-Ohio-14.
{¶ 19} In distinguishing Blakely, the Rowles Court noted:
{¶ 20} "* * * the determinate sentencing scheme in Washington is unlike Ohio's sentencing provisions. The Washington statutes at issue in Blakely set certain ceilings on sentencing based upon a defendant's proven conduct; Ohio law merely structures judicial discretion within an indeterminate sentencing scheme while permitting a judge to exercise discretion within that range." Id. at ¶ 14, citing State v. Berry, 12th Dist. No. CA2003-02-053, 2004-Ohio-6027, ¶ 40.
{¶ 21} Based on the foregoing, this Court finds that Appellant's sole assignment of error lacks merit. As such, we hereby affirm the trial court's decision in its entirety.
Donofrio, P.J., concurs.
Vukovich, J., concurs.