DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. James C. Perrine, defendant below and appellant herein, pled guilty to aggravated vehicular homicide in violation of R.C. 2903.06(A)(2) and (B)(3), a third degree felony.
 {¶ 2} Appellant assigns the following error for review:
"The trial court committed reversible Error when it sentenced Mr. Perrine to a sentence greater than the `Statutory Maximum,' as defined by the U.S. Supreme Court in Blakely v. Washington (2004), 124 S. Ct. 2531,2537, in violation of the fifth, sixth, and fourteenth amendments to the united states Constitution. (Tr. 51; Oct. 21, 2004 Journal entry)."
 {¶ 3} The Washington County Grand Jury returned an indictment charging appellant with one count of aggravated vehicular homicide, a second degree felony. Pursuant to a negotiated plea, appellant pled guilty to aggravated vehicular homicide, a third degree felony. After hearing various statements and arguments at the sentencing hearing, the trial court made several factual findings, including that appellant: (1) displayed a pattern of serious alcohol abuse; (2) had been sober since the accident and was seeking treatment; (3) did not expect to cause physical harm; (4) had prior misdemeanor convictions; and (5) had expressed remorse. The court then sentenced appellant to serve two years in prison. This appeal followed.
 {¶ 4} The appellant contends, in his sole assignment of error, that the trial court's sentencing determination relied on factual findings that neither a jury had determined nor had the appellant admitted. See R.C. 2929.13(D)(1) and 2929.14(B). In particular, appellant contends that:
"the trial court committed reversible error by sentencing Mr. Perrine to a prison sentence greater than the statutory maximum. See Blakely,
supra. Under Ohio law, if a court imposes a prison term, it must impose the minimum sentence unless it finds that a defendant has previously served a prison term or that `the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.' R.C. 2929.14(B). Since the Ohio Revised Code provides no mechanism for juries to consider the above sentencing factors, a sentence that is the minimum prison sentence allowed under Ohio law is effectively the "statutory maximum" under Blakely."
 {¶ 5} Appellant notes that under R.C. 2929.14(A)(3), a court may impose a one, two, three, four or five year prison term and that the trial court should have imposed a one year minimum sentence rather than the two year sentence.
 {¶ 6} Consequently, the appellant asserts that under Blakely v.Washington (2004), 542 U.S. ___, 159 L.Ed.2d 403, 124 S.Ct. 2531, appellant's sentence is unlawful and the trial court must, instead, impose the minimum available sentence. Appellant notes that Blakely held that a sentence imposed above the maximum allowable sentence under Washington law, and based on factors that were neither admitted by the defendant nor determined by a jury, violated the defendant's Sixth Amendment right to jury trial. Appellant argues that Blakely applies here and that his sentence must be reversed because the trial court imposed a greater than minimum sentence based on facts that were neither admitted by him nor determined by a jury.
 {¶ 7} We again take this opportunity to recognize that Blakely is causing a great degree of confusion and speculation in both the federal and the state courts. While it appears that Ohio courts have not reached a clear consensus on the issue, the Eighth District appears to accept that Blakely applies to Ohio's sentencing scheme and that minimum sentences must be imposed unless a jury, rather than a trial court judge, determines the factors necessary to impose a greater than a minimum sentence. See e.g. State v. Glass, Cuyahoga App. No. 84035,2004-Ohio-4912 at ¶ 7; State v. Taylor, Cuyahoga App. No. 83551, 2004-Ohio-4468 at ¶ 36; State v. Quinones, Cuyahoga App. No. 83720, 2004-Ohio-4485 at ¶ 30. See, also, State v. Bruce, Hamilton App. No. C-040421, 2005-Ohio-373.
 {¶ 8} In State v. Scheer, 158 Ohio App.3d 432, 816 N.E.2d 602,2004-Ohio-4792, we reached a different conclusion and held that Blakely
does not apply in Ohio in light of the particular mechanics of our sentencing scheme. In Scheer we wrote:
"Blakely holds that a trial court cannot enhance a sentence beyond the statutory maximum based on factors other than those found by the jury or admitted to by the defendant. Here, Scheer was sentenced to twelve months imprisonment, a term within the standard sentencing range for his crimes. In fact, the Ohio sentencing scheme does not mirror Washington's provisions for enhancements. Therefore, Blakely is inapplicable." Id. at ¶ 15.
 {¶ 9} In short, as long as a criminal defendant is sentenced to a prison term within the stated minimum and maximum terms permitted by law, criminal sentencing does not run afoul of Blakely and the Sixth
Amendment. See, also, State v. Hardie (2004), Washington App. No. 04CA1. The First District has adopted a similar position, see e.g. State v.Bell, Hamilton App. No. C-030726, 2004-Ohio-3621 at ¶¶ 40-42,[1] as well as some of our colleagues in the Eighth District.[2] Thus, until such time as the United States Supreme Court or the Ohio Supreme Court addresses this issue, we will adhere to our ruling in Scheer.[3]
 {¶ 10} Accordingly, based upon the foregoing reasons we hereby overrule the appellant's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] The Second District also appears to have questioned the applicability of Blakely to factors necessary to impose a non-minimum sentence in Ohio. See State v. Sour, Montgomery App. No. 19913, 2004-Ohio-4048 at ¶¶ 7-9.
[2] See e.g. State v. Taylor, Cuyahoga App. No. 88351, 2004-Ohio-4468 at ¶¶ 50-59 (Corrigan, J. Concurring in part and dissenting in part);State v. Glass, Cuyahoga App. No. 83950, 2004-Ohio-4495 at ¶ 21 (Rocco, J., Dissenting).
[3] Obviously, the Ohio Supreme Court must provide Ohio courts with guidance in this area.