OPINION
{¶ 1} Defendant-appellant David Cottrell appeals the decisions of the Columbiana County Common Pleas Court, which denied his motion to dismiss on speedy trial grounds and which sentenced him to consecutive sentences. In presenting his speedy trial argument, appellant contends that the suppression hearing was not held within a reasonable time. With regard to his consecutive sentences, he contends that the findings were not supported by the evidence and that a United States Supreme Court holding prohibits judges from sentencing to more than a minimum sentence without a jury to decide certain sentencing facts. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On November 14, 2003, appellant David Cottrell went to the trailer of a man whom he believed was dating his estranged wife. He waited for the lights to go out and then doused the man's vehicle in gasoline and lit the car on fire. The fire spread to the nearby trailer where the man's mother was sleeping, but she was not injured.
 {¶ 3} On December 19, 2003, the Columbiana County Sheriff's Office received a tip that appellant was carrying a gun and looking for his estranged wife to take her back home to West Virginia. He threatened to "go after anybody else that he found with her. He didn't care what he had to do." (Tr. 218).
 {¶ 4} An officer ran appellant's name through his computer and received a vehicle description, license plate number and physical description. He also discovered that appellant's license was suspended. The officer soon spotted appellant driving his vehicle and pulled him over for driving with a suspended license. A .22 caliber rifle, which had been reported stolen by appellant's brother, was readily available in the passenger compartment. Ammunition, a scope, and a baseball bat were also readily available. Appellant was arrested and remained in jail in lieu of bond throughout the proceedings.
 {¶ 5} On January 30, 2004, appellant was indicted on three counts. The first count was arson, a first degree felony under R.C. 2909.02(A)(1), which entails knowingly creating a substantial risk of serious physical harm to a person by fire. The second count was carrying a concealed weapon, a fourth degree felony under R.C. 2923.12(A) and (G)(1) due to the weapon's ammunition being ready at hand. The third count was receiving stolen property, a fourth degree felony under R.C. 2913.51(A) as a result of his possession of a firearm alleged to be stolen.
 {¶ 6} The court set a March 16, 2004 trial date. On February 26, 2004, appellant filed a motion to suppress evidence. On March 1, 2004, he filed a motion to suppress his statement. The suppression hearing was set for March 11, 2004. However, on March 8, 2004, appellant filed an intervening motion for a forensic examination to determine his competency.
 {¶ 7} On March 11, 2004, the trial court canceled the jury trial and sustained the motion for a competency evaluation. The court's entry advised that a hearing on competency would be held upon the court's receipt of the evaluation. The court also noted that the delay tolls the speedy trial time.
 {¶ 8} On June 9, 2004, appellant filed a pro se motion to dismiss alleging a speedy trial violation, stating that more than ninety days had passed since his arrest. On June 25, 2004, the court presided over the competency hearing. The court found appellant competent at the hearing and in a June 29, 2004 entry.
 {¶ 9} The suppression hearing was then held on July 9, 2004. The suppression motions were overruled. Appellant's counsel advised that he would be filing a further motion to dismiss on speedy trial grounds on behalf of appellant. This motion was filed on July 12, 2004, and the hearing on the matter was held that day. The court overruled the motion, finding that at the least, the time was tolled from the day the court ordered a competency evaluation on March 11, 2004 until resolution of the suppression issues of July 9, 2004.
 {¶ 10} Appellant then waived his right to a jury trial, and a bench trial was held on July 13, 2004. The court found appellant guilty of arson and carrying a concealed weapon but not guilty of receiving stolen property. On September 3, 2004, a sentencing hearing was held. The state sought maximum sentences of ten years and eighteen months to run consecutively. But, the court sentenced appellant to seven years for arson consecutive to twelve months for carrying a concealed weapon. The sentence was journalized on September 8, 2004, and appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 11} Appellant sets forth three assignments of error, the first of which alleges:
 {¶ 12} "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISCHARGE FOR A VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL."
 {¶ 13} From the date of appellant's arrest on December 19, 2003 until the date of trial on July 13, 2004, 207 days passed. A felon must be tried within 270 days of his arrest, but if he is held in jail in lieu of bail as appellant was, then each day in jail counts as three days. R.C. 2945.71(C)(2), (E). Thus, appellant was to be tried within ninety days of arrest.
 {¶ 14} Appellant concedes that the time was tolled from the date the court ordered a competency evaluation on March 11, 2004 until the court found appellant competent at the June 25, 2004 hearing. However, he disputes that the time was still tolled thereafter until his suppression motions were heard and overruled on July 9, 2004.
 {¶ 15} As the state points out, R.C. 2945.72(B) specifically provides that the time is tolled during any period which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined. The Supreme Court has held that this means that speedy trial is tolled from the date the defendant filed his motion to determine competency. State v. Palmer (1998), 84 Ohio St.3d 103, 106. Thus, appellant's March 8, 2004 motion would have started the tolling prior to the court's March 11, 2004 order for a competency evaluation.
 {¶ 16} Moreover, appellant filed suppression motions on February 26, 2004 and March 1, 2004. These motions tolled the speedy trial time even before the competency motion was filed. R.C. 2945.72(E) provides that any period of delay necessitated by the defendant's motion tolls speedy trial time. The court immediately set the suppression motions for hearing on March 11, 2004. Were it not for appellant's own intervening motion to determine competency, the suppression motions would have proceeded to hearing as scheduled. Clearly, the time started tolling on February 26, 2004 with the filing of his first suppression motion.
 {¶ 17} The issue becomes whether the suppression motions were heard within a reasonable time. The state argues that time was still tolled until July 9, 2004, when the suppression motions were heard and overruled. Appellant does not contest the competency tolling of time until June 25, 2004 but believes that all tolling should stop on that date. He is incorrect. However, even without going any further in our analysis, the ninety days would not have run either way. If time is tolled from February 26, 2004 until June 25, 2004, less than ninety days would have elapsed from the time of arrest until trial. Thus, this assignment of error is overruled.
 {¶ 18} Moreover, there is no reason why the time would not still be tolled from the June 25, 2004 decision on competency through the July 9, 2004 suppression hearing. As aforementioned, appellant does not contest the time during which competency was at issue. Holding a suppression hearing two weeks after competency is determined is not unreasonable. Those two weeks still constitute delay necessitated by the defendant's own motion under R.C. 2945.72(E).
 {¶ 19} The original suppression hearing was set within a reasonable time from the filing of his two motions, but his competency motion interjected an obstacle into the path of the suppression proceedings. The court could cancel the suppression hearing while the competency issue raised by appellant himself was pending. If appellant may be incompetent to stand trial, then the court could determine that a suppression hearing would not be appropriate until competency is ensured, especially since appellant's suppression motion relied on his own testimony. Thus, his competency motion and the accompanying uncontested tolling of time acted to suspend the time which is considered reasonable for the holding of a suppression hearing.
 {¶ 20} Accordingly, the time was tolled from the filing of his suppression motion on February 26, 2004 through the overruling of his request for suppression on July 9, 2004. This means that 69 days elapsed from the date of appellant's arrest until the initial tolling on February 26, 2004, and 4 days elapsed from the overruling of his suppression motions and the date of trial, for a total of 73 days. Appellant's speedy trial rights were not violated. As mentioned supra, even if the time stopped tolling on June 25, 2004 as urged by appellant, his speedy trial rights were still not violated because this only adds 14 days to the abovementioned 73 days, for a total of 87 days.
 {¶ 21} Finally, the parties forget to mention that appellant's motion to dismiss on speedy trial grounds also tolls the time. See R.C. 2945.72(E). See, also, State v. Broughton
(1991), 62 Ohio St.3d 253, 261-262; State v. Stanley, 7th Dist. No. 03MA42, 2004-Ohio-6801, ¶ 10, 32. Appellant filed a pro se motion on June 9, 2004, and his counsel filed a similar motion on July 12, 2004. For all of the foregoing reasons, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 22} Appellant's second assignment of error contends:
 {¶ 23} "THE IMPOSITION OF CONSECUTIVE SENTENCES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE LAW."
 {¶ 24} Appellant urges that consecutive sentences are unwarranted in this case. He states that we should reverse under R.C. 2953.08(G)(2), allowing reversal of a consecutive sentence if the court clearly and convincingly finds that the court's findings are not supported by the record or the sentence is otherwise contrary to law.
 {¶ 25} The findings required for imposing consecutive sentences are set forth in R.C. 2929.14(E)(4) as follows: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) either (a) the offender committed one or more of the offenses while the offender was awaiting trial or sentencing, was under a probation-like sanction; or (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Both the findings and reasons supporting these findings are required to be made at the sentencing hearing in order to impose consecutive sentences. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶20. See, also, R.C. 2929.19(B)(2)(c) (the court shall make the requisite findings and give reasons for imposing consecutive sentences).
 {¶ 26} The court made the requisite findings, choosing (3)(b) as its last finding. (Tr. 344-345). The court supported its findings by noting that appellant committed two serious offenses with a single motivation in a course of conduct. (Tr. 342). The court opined that the arson created a substantial risk of death. (Tr. 342-343). The court noted that it was greatly concerned with the fact that the arson was so well-planned and premeditated. As the state noted, appellant watched and waited with cans of gasoline until the lights in the trailer were turned off, knowing that the man's mother was in the trailer. (Tr. 332). The state had also pointed out that appellant expressed a wish that the occupants had not escaped from the trailer. (Tr. 332).
 {¶ 27} The court then explained that the arson caused serious economic harm as a result of the destroyed car and significantly damaged trailer. (Tr. 343). The court revealed that appellant had a misdemeanor record and that he has pending offenses that were committed during his current confinement. As the state pointed out, he was charged with intimidation of witnesses during the proceedings in this case; he also incurred charges for acts performed the day before the sentencing hearing. (Tr. 335).
 {¶ 28} The court found that appellant had no regard for the law. (Tr. 343). The court agreed with the state's analysis in weighing the seriousness and recidivism factors. Finally, the court noted that when appellant committed the carrying a concealed weapon offense, he was planning to find his wife and knowingly violate a protection order. (Tr. 343).
 {¶ 29} Appellant's specific claim here is that the two offenses were not part of one course of conduct because these were different offenses committed over one month apart in different locations with different intended victims. However, R.C. 29291.4(E)(4)(b) speaks of one or more courses of conduct. Moreover, the background of these two offenses establishes that each was part of a course of conduct related to scaring a man away from his estranged wife.
 {¶ 30} Contrary to appellant's claim, the intended victims were not wholly different. Just prior to his carrying a concealed weapon charge, he threatened to harm both his wife and the man she was with; the arson charge involved this same man and was committed after secretly watching his wife with this man. In both instances, he traveled three and one half hours to Ohio from West Virginia. The court noted that appellant had a single overriding motivation concerning his wife and her friend. (Tr. 342). As the state portrays it, appellant's weapon charge entailed a plan to violate a court order, partly to accomplish the goal left unfulfilled by the arson.
 {¶ 31} In conclusion, the record supports the finding that "at least two of the multiple offenses were committed as part of one or more courses of conduct * * *." For the foregoing reasons, this assignment of error is overruled as we cannot clearly and convincingly find that imposition of consecutive sentences is unsupported by the record or otherwise contrary to law as required by R.C. 2953.08(G)(2)(a) and (b).
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 32} Appellant's third assignment of error argues:
 {¶ 33} "THE IMPOSITION OF A PRISON SENTENCE LONGER THAN THE MINIMUM SENTENCE AND CONSECUTIVE SENTENCES IS UNCONSTITUIONAL IN THIS CASE."
 {¶ 34} Appellant's argument relies on a United States Supreme Court case for the proposition that only minimum, non-consecutive sentences could be imposed unless a jury made the specific findings required to deviate from the minimum or to impose consecutive sentences. See Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. In Blakely, the Court evaluated sentencing statutes in the state of Washington. The defendant pled to a certain class of a felony with an absolute statutory maximum sentence of ten years. However, the "standard" statutory range for that defendant's offense was forty-nine to fifty-three months. That range could only be enlarged if the court found certain aggravating factors.
 {¶ 35} The sentencing court in Blakely enlarged the standard sentence to ninety months by finding the aggravating factor of deliberate cruelty. The United States Supreme Court reversed the sentence, holding a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. Id. The court defined the statutory maximum as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 2537.
 {¶ 36} Appellant interprets this to mean that he can only be sentenced to minimum, concurrent sentences unless a jury is empanelled to make the various statutory findings allowing deviation from the minimum and imposition of consecutive sentences. Thus, he asks that we reverse and remand for resentencing before a jury.
 {¶ 37} First, appellant specifically waived the right to a jury trial and asked to be tried by the court. We have held that any sentencing challenge available to a defendant under Blakely
is waived at the appellate level if he does not object at the trial court level to what he contends is a violation of his constitutional right to a jury trial. State v. Hogan, 7th Dist. No. 04MA175, 2005-Ohio-2536, ¶ 6-7; State v. Barnette, 7th Dist. No. 02CA65, 2004-Ohio-7211, ¶ 102.
 {¶ 38} Second, this court has found that Ohio's felony sentencing scheme does not violate Blakely in the manner alleged by appellant. Hogan at ¶ 15; Barnette at ¶ 106. We stated:
 {¶ 39} "In Ohio, the trial judge does not have the discretion to impose a sentence greater than the sentence prescribed for each crime as listed in the indictment. * * * Unlike the statutes at issue in Blakely, Ohio's statutory scheme does not provide exceptions to give the trial court power to exceed the maximum punishment allowed * * *. Any sentencing enhancements, such as gun specifications, must also be included in the indictment, and the jury must find the defendant guilty beyond a reasonable doubt of those enhancements as well." Barnette at ¶ 106.
 {¶ 40} We noted that our holding was in agreement with the First, Second, Fourth, Fifth, Ninth and Twelfth Districts but contrary to the Eighth District. See Hogan at ¶ 17-20;Barnette at ¶ 107, 161. In a response to the wave of uncertainty surrounding the effect of Blakely, the Ohio Supreme Court has held that a trial court patently lacks jurisdiction to hold a jury sentencing hearing. State ex rel. Mason v.Griffith, 104 Ohio St.3d 279, 2004-Ohio-6384, ¶ 14, 21 (granting a writ of prohibition). The Ohio Supreme Court advised that the trial court has two choices: apply the statutes as if Blakely
did not render them unconstitutional; or find the statutes unconstitutional under Blakely and merely impose minimum, non-consecutive sentences. Id. at ¶ 17. However, the Court refused to address the constitutional issue presented by theBlakely decision. Id. at ¶ 20.
 {¶ 41} On May 25, 2005, the Ohio Supreme Court acceptedBarnette's appeal on this issue. Barnette's appeal is being held for a decision in appeals from cases out of the Eighth and Fifth Districts. State v. Quinones, 8th Dist. No. 83720,2004-Ohio-4485 (reversing a maximum sentence because the jury did not make a finding that Quinones had committed a worst form of the offense or that he posed the greatest likelihood of recidivism, nor did he admit to either); State v. Foster, 5th Dist. No. 03CA95, 2004-Ohio-4209. The Ohio Supreme Court had not yet resolved the issue. As such, we stand by the prior holdings of this court and uphold our opinion that Blakely does not invalidate Ohio's felony sentencing scheme.
 {¶ 42} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs in part and dissents in part. See concurring/dissenting opinion.